1 | Konrad L. Tropc, Esq. SBN 133214
**Novo Law Group, P.C.**
2 | 4631 Teller Avenue, Suite 140
Newport Beach, California 92660
3 | (949) 222-0899 (tel)
(949) 222-0983 (fax)

4

Attorneys for Plaintiff Pacific Information Resources, Inc.

5

**ORIGINAL
FILED**

AUG   9 2007

6

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

**MMC**

9

10 | Pacific Information Resources, Inc., a
11 | California Corporation,

**CASE NO 07  4131**

12 |              Plaintiff,

13 |      vs.

**COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, ATTORNEYS'
FEES, LITIGATION FEES, OTHER
RELIEF, AND JURY DEMAND**

14 | SIMPLE COMMUNICATIONS, an Alabama
corporation; WILLIAM TRAVIS SULLIVAN,
15 | individually, AND DOES 1 through 100,
inclusive, WHOSE IDENTITIES ARE
16 | UNKNOWN,

17 |              Defendants.

**(1)   Contributory Violation of
Electronic Communications Privacy Act,
18 U.S.C. §§ 2301, et. seq.
(2)   Vicarious Violation of Electronic
Communications Privacy Act, 18 U.S.C. §
2301, et. seq.
(3)   Contributory Violation of
Computer Fraud and Abuse Act, 18 U.S.C.
§§ 1030, et. seq.;
(4)   Vicarious Violation of Computer
Fraud and Abuse Act, 18 U.S.C. §§ 1030,
et. seq.;
(5)   Contributory Copyright
Infringement of Website, 17 U.S.C. §§ 101,
et. seq.;
(6)   Vicarious Copyright Infringement
of Website, 17 U.S.C. §§ 101, et. seq.;
(7)   Contributory Copyright
Infringement of Source Code, 17 U.S.C. §§
101, et. seq.;
(8)   Vicarious Copyright Infringement
of Source Code, 17 U.S.C. §§ 101, et. seq.;**

18
19
20
21
22
23
24
25
26
27
28

1
**COMPLAINT**

**(9)     Contributory Violation of Digital Millennium Copyright Act,** *17 U.S.C. §§ 1201 et seq.***;**
**(10)     Vicarious Violation of Digital Millennium Copyright Act,** *17 U.S.C. §§ 1201 et seq.***;**
**(11)     Contributory Infringement of Unregistered Service Marks: Lanham Act,** *15 U.S.C. § 1051***;**
**(12)     Vicarious Infringement of Unregistered Service Marks,** *15 U.S.C. § 1051***;**
**(13)     Contributory Infringement of Registered Service Marks: Lanham Act,** *15 U.S.C. § 1125***;**
**(14)     Vicarious Infringement of Registered Service Marks: Lanham Act,** *15 U.S.C. § 1125***;**
**(15)     Contributory and Vicarious False Designation of Origin/False Advertising under** *15 U.S.C. § 1125(a)*
**(16)     Contributory and Vicarious False Endorsement Under Lanham Act,** *15 U.S.C. § 1125(a)***;**
**(17)     Contributory and Vicarious Trade Name Infringement Under Lanham Act,** *15 U.S.C. § 1125(a)***;**
**(18)     Contributory and Vicarious Trade Dress Infringement Under Lanham Act,** *15 U.S.C. § 1125(a)***;**
**(19)     Contributory and Vicarious Unfair Competition Under Lanham Act,** *15 U.S.C. § 1125***;**
**(20)     Contributory and Vicarious Dilution of Service Mark Under Lanham Act,** *15 U.S.C. § 1125***;**
**(21)     Contributory Violation of Anticybersquatting Consumer Protection Act,** *15 U.S.C. §§ 1125, et. seq.***;**
**(22)     Vicarious Violation of Anticybersquatting Consumer Protection Act,** *15 U.S.C. §§ 1125, et. seq.***;**

## JURISDICTION AND VENUE

1.     Plaintiff Pacific Information Resources, Inc. ("Pacific Information Resources") brings this civil action pursuant to the Copyright Act of 1976, as amended, *17 U.S.C. § 101 et seq.*; the Digital Millennium Copyright Act, *17 U.S.C. § 1201 et seq.*; and the Anticybersquatting Consumer Protection Act, *15 U.S.C. §§ 1125, et. seq.*; the Lanham Act as codified at *15 U.S.C.*

2
**COMPLAINT**

1    *§§ 1125, 1051*; and the Computer Fraud and Abuse Act, *18 U.S.C. § 1030, et. seq.* This Court

2    has jurisdiction over the subject matter of this action pursuant to *28 U.S.C. § 1331, 28 U.S.C. §*

3    *1338(a)*. This Court also has supplemental jurisdiction over all other claims that do not arise

4    under a federal statute in that these supplemental claims are so related to the claims in the action

5    within such original jurisdiction of this Court they form part of the same case or controversy

6    under Article III of the United States Constitution pursuant to *28 U.S.C. § 1367*.

7    2.    Venue is proper in this district pursuant to *28 U.S.C. § 1391* inasmuch as a

8    substantial part of the events or omissions giving rise to the claims for relief occurred in this

9    judicial district.

10    **PARTIES**

11    3.    Plaintiff is a California corporation with its principal place of business located in

12    Newbury Park, City of Thousand Oaks, County of Ventura.

13    4.    Defendant SIMPLE COMMUNICATIONS, a corporation organized under the

14    State of Alabama, has its principal place of business in Tusculoosa, Alabama.

15    5.    Defendant WILLIAM TRAVIS SULLIVAN is an individual who is a resident of

16    the State of Missouri. Plaintiff is informed, believes and thereon alleges that William Travis

17    Sullivan is an officer and director as well as a controlling shareholder of Defendant Simple

18    Communications (collectively the "Simple Defendants").

19    6.    The true names and capacities of the Defendants sued in this Complaint as DOES

20    1 through 100, inclusive, whether individual, corporate, associate, or otherwise, presently are

21    unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff

22    will amend this Complaint to set forth the true names and capacities of DOES 1 through 100,

23    inclusive, when they have been ascertained, or at the time of trial herein. Plaintiff is informed,

24    believes, and thereon alleges that each of such fictitiously named Defendants participated in

25    some manner in the events or occurrences referred to hereinafter, and/or proximately caused the

26    damages complained of herein.

27

28    _____

7.    Plaintiff is informed, believes and thereon alleges that, at all times herein mentioned, each of the Defendants (including, inter alia, the fictitiously named Defendants) was the agent, servant or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the scope of his, her or its actual, apparent or ostensible authority as such agent, servant or employee, and with the permission and consent of each such co-Defendant.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8.    Plaintiff owns and operates the website located at www.searchsystems.net (the "WEBSITE").  Plaintiff has registered two copyrights concerning the WEBSITE.  One registration, bearing Registration No. TX 6-275-368 protects the text of the WEBSITE, bearing the URL www.searchsystems.net.  In addition, Plaintiff has a copyright registration, bearing Registration No. TX 6-275-367 which protects the PHP Hyper Text Processor source code of the WEBSITE.  True and correct copies of the copyright registrations are attached hereto and incorporated herein as *Exhibit "1"*.  Plaintiff also has a registration from the United States Patent and Trademark Office for its service mark consisting of the word mark "search systems" within a design or drawing bearing USPTO Trademark Registration No. 2019094 (the "SERVICE MARK").  A true and correct copy of this registration for Plaintiff's registered SERVICE MARK is attached hereto and incorporated herein as *Exhibit "2."*  In addition, Plaintiff has continuously, for the preceding five years, at the very least, continuously and openly used variations on its registered SERVICE MARK, but such variations, while not registered, have acquired secondary meaning and thus are protected as more fully described herein.  Plaintiff's registered SERVICE MARK and unregistered service marks are collectively hereinafter referred to as the "SERVICE MARKS".  The unregistered but protected SERVICE MARKS of Plaintiff include, but are not limited to, the terms:  "searchsystems", "searchsystems.net".

9.    Plaintiff's business is providing members of the public with access to the public records maintained by various federal, state and local governmental agencies.  The applicable

governmental agency typically maintains those records in some kind of a searchable database. Those individual databases aggregate a variety of business information, including items such as: corporate filings, criminal and civil court filings, vital records, property records, unclaimed property, professional licenses, bankruptcies, judgments, tax liens, and various other matters compiled from public records.

10.     Until the WEBSITE commenced operations in 1997, it was not possible to search for individual results simultaneously across a multitude of databases. As a result, a member of the public attempting to locate a particular piece of information would have to laboriously search each one of thousands of individual databases. Plaintiff developed the technology, which is implemented on the WEBSITE, to search all of these constituent databases, simultaneously.

11.     Rather than speculating as to the availability of a desired public record, or where to locate it on the Internet, a user simply can log on to Plaintiff's website, and have access to all of the publicly-available information that exists, and that is indexed and cross-referenced on the WEBSITE. Furthermore, the user avoids the cumbersome necessity, with attendant time and cost constraints, of consulting each one of the individual databases, if more than one of them potentially contains the desired information.

12.     In order to accomplish this outcome, Plaintiff has developed a proprietary "search" computer program that enables a user to search for particular records, whereby the user executes a "global" search of all of the thousands of databases indexed and cataloged by Plaintiff, by entering key search terms and parameters. Coupled with the search feature is a "link" feature that enables a user to "click" on the content description for an individual database, the existence of which was disclosed by the search, whereupon the user automatically is re-directed to that database.

13.     Plaintiff now provides the public with access to over 35,821 linked individual databases, comprising billions of public records. Before linking a new database to the

**COMPLAINT**

1  WEBSITE, Plaintiff evaluates each database for content and usefulness.  Plaintiff also authors a

2  complete description of the database, so as to facilitate its identification and use.

3  14.    Plaintiff has been "on line" since the dawn of the Internet in 1997, and the

4  WEBSITE has been extremely successful.  In fact, the WEBSITE now is the primary "entry"

5  portal for access to free public records on the Internet.  Indeed, Plaintiff has expended millions of

6  dollars with financial resources and countless hours of time, effort, and energy in developing,

7  operating and promoting the WEBSITE.  Moreover, similar features of the WEBSITE,

8  previously identified above, have required an extraordinary expenditure associated with the

9  research and development of these features as part of maintaining, improving and updating the

10  WEBSITE.

11  15.    As a reflection of the reputation and success of the WEBSITE, numerous

12  publications have reviewed, praised and identified the WEBSITE as a major or the definitive

13  website for access to free public records on the Internet.  These publications and articles

14  encompass the period 1998 to present with recent articles in The New York Times describing the

15  WEBSITE in very positive terms in articles published on November 5 and November 13, 2005.

16  See true and correct copies of The New York Times articles concerning Plaintiff's WEBSITE

17  attached hereto and incorporated herein as *Exhibit "3."*

18  16.    In addition, other publications have, over the years, repeatedly praised the

19  WEBSITE:  Yahoo Internet Life magazine named the WEBSITE in July, 2002 as one of the

20  Internet's "50 most incredibly useful sites"; PC World named the WEBSITE in February, 2003 as

21  one of "the most useful sites ever"; the Wall Street Journal on September 15, 2003 called the

22  WEBSITE "one of the best"; and recently as March 16, 2006 Poynter Online, a website devoted

23  to journalists and providing resources to them, described the WEBSITE as a resource enabling

24  journalists "to enrich stories and dig deeper."  In addition, another publication devoted to

25  journalism, The Columbia Journalism Review, in July, 2003 described the WEBSITE as "the

26

27

28

1    best site for finding public records." See true and correct copies of articles concerning Plaintiff's

2    WEBSITE attached hereto and incorporated herein as *Exhibit "4."*

3         17.    Moreover, the WEBSITE has consistently been ranked by various Internet search

4    engines such as Google, Yahoo, MSN and AOL as the "number 1" database for public records,

5    over the past five years. The WEBSITE is the first listing to appear after a search for the phrase

6    "public records" when using the above-listed search engines.

7         18.    Plaintiff has certainly since 2001, if not earlier, openly posted on its WEBSITE a

8    section known as "Terms of Service" ("TOS") which essentially, inter alia binds the user of the

9    WEBSITE to the Terms of Service otherwise the potential user is not authorized to access the

10   WEBSITE. As part of the TOS, the following are defined: acceptable usage of the WEBSITE,

11   use of the WEBSITE limited to personal use, hyperlinking being prohibited, limits on

12   advertising, appropriate copyright and SERVICE MARKS notices, as well as disclaimer of

13   warranties, limitation of liability, and choice of law. A true and correct copy of the TOS is

14   attached hereto and incorporated herein as *Exhibit "5."*

15        19.    There came a time (within the expiration of any applicable statute of limitations)

16   when Levon Gasparian, a resident of Massachusetts, Alexei Borisov, a resident of Massachusetts

17   and the Airon Corporation, a Massachusetts corporation (collectively the "Airon Group")

18   embarked upon a scheme to copy the "source code" comprising the computer program that runs

19   the WEBSITE. That source code presently is written in PHP, which stands for "PHP":

20   "Hypertext Processor" ("PHP"). PHP is a programming language used for developing dynamic

21   web content, whereby the WEBSITE's content is updated seamlessly and continuously in real

22   time as new or additional records are attached to the thousands of databases accessed through the

23   WEBSITE, such as that found on the WEBSITE.

24        20.    When Plaintiff originally developed the WEBSITE hosted at EarthLink in 1996

25   and the subsequent website at www.pac-info.com (released in 1998) the WEBSITE was designed

26

27

28

1  in HTML which stands for "Hyper Text Markup Language".  Moreover at the time the

2  WEBSITE did not have any technical protocols or technological protocols to guard from theft.

3      21.    As Plaintiff became aware that sites had illegally copied Plaintiff's HTML pages,

4  Plaintiff commenced developing a new WEBSITE that was programmed in PHP in 2001.

5  Plaintiff's revised deployment of its website in PHP was an unequivocal attempt by Plaintiff to

6  repel the various Defendants' "copying" incursions onto the WEBSITE.  Each link destination as

7  written and programmed in PHP for the WEBSITE, was entered into Plaintiff's database in a

8  manner so that if and when Defendants or others tried to copy Plaintiff's WEBSITE pages, they

9  would find Link ID's corresponding to the link in Plaintiff's database but not the ultimate URL

10  (Uniform Resource Locator).

11      22.    Plaintiff's programming changes from HTML to PHP were incorporated into a

12  new WEBSITE and web pages at www.searchsystems.net and released in 2001.  The prior

13  programming located at pac-info.com was discontinued and all traffic to www.pac-info.com was

14  forwarded to www.searchsystems.net.

15      23.    In or about 2005, Plaintiff became aware that some party or parties had gone

16  through and copied the content of Plaintiff's WEBSITE and had gone through the diligent and

17  intentional effort of determining the location of each URL for each coded link in Plaintiff's

18  website.  In other words, these parties deliberately and intentionally circumvented the various

19  technological measures deployed by Plaintiff that effectively controlled access to the Database

20  contained within the WEBSITE.

21      24.    Plaintiff in and about April, 2005 then changed the WEBSITE again and released

22  a new version of the WEBSITE at www.searchsystems.net which is now a "framed" WEBSITE

23  so that even if a party determined to circumvent the technological measures deployed by Plaintiff

24  that effectively control access to the Database, the URL for a particular link is hidden by the

25  frame.  Plaintiff has also instituted a system in which the Database Link ID is hidden by a

26  programming system called "MD5" which is a "hash" algorithm that creates a random stream of

27

28
                                    8
                               **COMPLAINT**

1  letters and numbers.  Thus, anyone that clicks on to Plaintiff's website now will see the random

2  MD5 code rather than the numbered Link ID for a particular Database.  Nevertheless, the acts of

3  theft and infringement and fraud committed by Defendants as described hereinabove still

4  continues to this day as more fully described herein below.

5    25.    Since April, 2005, Defendants, the Airon Group, and each of them, have invaded

6  the WEBSITE, whereby they each have successfully circumvented the technological measures

7  deployed by Plaintiff to protect Plaintiff's copyrighted works, including, but not limited to inter

8  alia Plaintiff's source code and Plaintiff's proprietary layout, design and organization of the data

9  and links.

10    26.    The Airon Group, and each of them, since April, 2005 circumvented the codes

11  Plaintiff developed to mask the public Universe Resource Locators of all of the links to the

12  thousands of public databases Plaintiff had established comprising the WEBSITE.  Because of

13  the unique syntax and semantics of those links, Plaintiff has been able to determine that they are

14  in fact the links written by Plaintiff, as opposed to any original creation of the Airon Group, or

15  any of them.  Furthermore, the Airon Group, and each of them, copied inter alia:  (1) Plaintiff's

16  selection of pertinent links; (2) Plaintiff's scheme of organization for the links; (3) the categories

17  into which the links are organized; (4) and the actual original descriptions that Plaintiff authored

18  to describe each link, and (5) the database to which it directed the user.

19    27.    A potential user can perform a basic search on the WEBSITE at no charge.

20  Plaintiff monetizes the WEBSITE by charging a premium for advanced services, such as a

21  shorter waiting time to access information.  The Airon Group, and each of them, on the other

22  hand, charge a potential user for access to even rudimentary information.  Shortly after the Airon

23  Group, and each of them, commenced their illegal pirating of Plaintiff's WEBSITE, Plaintiff was

24  inundated with complaints from persons who had paid for access to one of Airon Group's sites,

25  but who thought they were accessing the WEBSITE (i.e., Plaintiff's WEBSITE).  This in turn

26

27

28

1  lead to considerable discussion of the WEBSITE in various on-line forums, which are and have

2  become even more influential in determining the behavior and selections made by Internet users.

3      28.    Many of the remarks pertaining to the WEBSITE were adverse, and Plaintiff was

4  required to devote considerable time, money, energy and expertise to maintaining its business

5  relationships with its existing customers, and to fortify the potential economic advantages it

6  anticipated deriving by transacting with future customers.  The sort of "negative feedback" that

7  Plaintiff received as a result of Airon Group's unlawful activity is particularly ominous for a

8  company such as Plaintiff, which depends for its economic sufficiency and vitality upon the

9  goodwill and continued patronage of its customers.  And, given the persistency of feedback loops

10 such as those that are developing on the Internet, even a few negative recommendations have the

11 potential to wreak devastating consequences.

12                          **FIRST CLAIM FOR RELIEF**

13 **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under**

14     **the Electronic Communications Privacy Act, *18 U.S.C. §§ 2301, et. seq.* -Contributory**

15                 **Liability Against All of the Simple Defendants)**

16     29.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

17 reference as if fully set forth herein the allegations set forth in paragraphs 1 through 28 above.

18     30.    Plaintiff maintains the WEBSITE under an IP (Internet Protocol) address

19 (www.searchsystems.net) that is remotely accessible using standard, commercially available

20 software.  Commencing upon a date that presently is unknown to Plaintiffs but that is prior to the

21 expiration of any applicable statute of limitations, and continuing to the present, the Airon Group

22 used the Internet to gain access to the WEBSITE, using IP addresses traceable to the Airon

23 Group as set forth in Plaintiff's Fourth Amended Complaint against the Airon Group, Case No.

24 C06-02306, pending the United States District Court, Norther District of California.

25

26

27

28
                                    10
                          **COMPLAINT**

31.    Upon gaining access to the WEBSITE, the Airon Group copied various elements comprising the WEBSITE, including (but not limited to) Plaintiff's HTML and PHP source code (the "SOURCE CODE").

32.    The data elements comprising the WEBSITE that were accessed by the Airon Group are proprietary, confidential, and highly sensitive information of Plaintiff.

33.    The Airon Group were not authorized to access any of this information.

34.    Plaintiff is informed, believes and thereon alleges that the Airon Group intentionally accessed without authorization a facility through which an electronic communications service is provided, and thereby obtained, altered or prevented authorized access to an electronic communication while it was in electronic storage in such system, in violation of *18 U.S.C. § 2701(a)*.

35.    Plaintiff is informed, believes and thereon alleges that the information the Airon Group took from Plaintiff, is being used by them to compete unfairly with Plaintiff.

36.    Plaintiff is informed, believes and thereon alleges that the conduct constituting the violations alleged herein was committed for purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. § 2701(b)*.

37.    Plaintiff further is informed, believes and thereon alleges that the conduct constituting the violations alleged herein was engaged in by the Airon Group with a knowing or intentional state of mind, and that it was willful or intentional.

38.    The Airon Group, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.  The Airon Group, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Airon Group and deter others from engaging in similar misconduct.

**COMPLAINT**

39.     The Simple Defendants have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group Defendants described herein.

40.     William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

41.     Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

42.     Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group Defendants described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group Defendants.

43.     Plaintiff is therefore informed and believes and thereon alleges that the conduct constituting violations alleged herein is committed for the purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. § 2701(b)*.

44.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

45.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources'

business operations, reputation, goodwill, and customer base. Consequently, Defendants'

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

## SECOND CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Electronic Communication Privacy Act, *18 U.S.C. §§ 2301, et. seq.* - Vicarious Liability Against All of the Simple Defendants)**

46.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 45 above.

47.     Assuming, *arguendo*, that the Simple Defendants named herein did not have

actual or direct knowledge of the illegal activity of the Airon Group Defendants, the Simple

Defendants named herein are vicariously liable for the violation of *18 U.S.C. §§ 2301, et. seq.* in

that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named

herein could control the illegal conduct and obtain a direct financial benefit from the illegal

conduct of the Airon Group Defendants.

48.     Plaintiff is informed, believes and thereon alleges that the conduct constituting the

illegal activity alleged hereon was committed for the purposes of commercial advantage,

malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. § 2701(b)*.

49.     Defendants, and each of them, in performing the conduct complained of herein,

acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

Defendants, and each of them, are therefore guilty of malice and oppression in conscious

disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

50. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

### THIRD CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Computer Fraud and Abuse Act, *18 U.S.C. §§ 1030 et seq.* - Contributory Liability Against All of the Simple Defendants)**

51. Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 50 above.

52. Plaintiff uses its computers in interstate commerce or communication and such computers therefore were "protected computers" within the meaning of *18 U.S.C. § 1030(e)(2)(B)*.

53. The Airon Group intentionally accessed Plaintiff's computers without authorization and thereby obtained information from a protected computer involved in an interstate communication, in violation of *18 U.S.C. § 1030(a)(2)*.

54. The Airon Group intentionally, without authorization, accessed Plaintiff's computers, which computers are used by and for the Government of the United States and such conduct affects that use by or for the Government of the United States, in violation of *18 U.S.C. § 1030 (a)(3)*.

55. The Airon Group knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caused "damage" (as that term

---

**14**
**COMPLAINT**

is used at *18 U.S.C. § 1030(e)(8)(A)* without authorization, to a protected computer, in violation of *18 U.S.C. § 1030(5)(A).*

56.    The Airon Group further intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly caused damage to Plaintiff, in violation of *18 U.S.C. § 1030(a)(5)(B).*

57.    The Airon Group further intentionally accessed a protected computer without authorization, and as a result of such conduct, caused damage to Plaintiff, in violation of *18 U.S.C. § 1030(a)(5)(C).*

58.    The Airon Group further knowingly, trafficked in passwords or similar information through which a computer may be accessed without authorization, and such trafficking affected interstate commerce, in violation of *18 U.S.C. § 1030(a)(6)(A).*

59.    The Airon Group further attempted to commit all of the offenses alleged at paragraphs 31 through 39, inclusive, in violation of *18 U.S.C. § 1030(b).*

60.    The Airon Group, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.  The Airon Group are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

61.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

62.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

63.     Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

64.     Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

65.     Plaintiff is therefore informed and believes and thereon alleges that the conduct constituting violations alleged herein was committed for the purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. §§ 2701(b), 1030*.

66.     The Simple Defendants, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.  The Simple Defendants are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

67.     The Simple Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

**FOURTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs and Other Relief under the Computer Fraud and Abuse Act, *18 U.S.C. § 1030 et seq.* - Vicarious Liability - Against All of the Simple Defendants)**

68.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 67 above.

69.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *18 U.S.C. §§ 1030, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

70.    Plaintiff is informed, believes and thereon alleges that the conduct constituting the illegal activity alleged hereon was committed for the purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. §§ 1030, et. seq.*

71.    Defendants, and each of them,  in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Defendants and deter others from engaging in similar misconduct.

72.    Defendants, and each of them, have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific

17
**COMPLAINT**

1    Information Resources' business operations, reputation, goodwill, and customer base.

2    Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the

3    destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information

4    Resources is entitled to preliminary and permanent injunctive relief against all Defendants for

5    their misconduct.

6                                    **FIFTH CLAIM FOR RELIEF**

7    **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under**

8    **the Copyright Act, *17 U.S.C. § 101 et. seq.* - Contributory Liability for Unauthorized**

9    **Reproduction, Distribution and Display of Literary Work - Against All of the Simple**

10                                           **Defendants)**

11        73.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

12    reference as if fully set forth herein the allegations set forth in paragraphs 1 through 72 above.

13        74.    Plaintiff created and wrote the original literary text that appears at its website

14    located at www.searchsystems.net.  That text comprises material wholly original with Plaintiff,

15    and is copyrightable subject matter under the laws of the United States.  Plaintiff secured the

16    exclusive rights and privileges in and to the copyright text on the WEBSITE, and received from

17    the Register of Copyrights a certificate of registration, dated and identified as follows:  February

18    9, 2006, Registration No. TX 6-275-368.  Plaintiff at all relevant times has been and still is the

19    sole proprietor of all right, title and interest in and to the copyright described above.

20        75.    At all times pertinent hereto, Plaintiff duly has complied with all of the provisions

21    of the Copyright Laws of the United States applicable to the text elements of Plaintiff's website.

22    Plaintiff is the proprietor of the statutory copyright in and to the text elements appearing at its

23    website, and duly is possessed of all rights, title and interests therein.

24        76.    Plaintiff is informed, believes and thereon alleges that, commencing upon a date

25    presently unknown to Plaintiff, but within the applicable statute of limitations period, the Airon

26

27

28    _____
                         18
                     **COMPLAINT**

Group infringed Plaintiff's statutory copyright in and to the text elements appearing at Plaintiff's website, by reproducing, distributing and displaying copies of such text elements.

77.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

78.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

79.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

80.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

81.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**SIXTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Copyright Act, *17 U.S.C. § 101 et. seq.* - Vicarious Liability for Unauthorized Reproduction, Distribution and Display of Literary Work - Against All of the Simple Defendants)**

82.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 81 above.

83.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

84.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

85.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

1  Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

2  and permanent injunctive relief against all Defendants' for their misconduct.

3  **SEVENTH CLAIM FOR RELIEF**

4  **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under**

5  **the Copyright Act, *17 U.S.C. § 101 et. seq.* - Contributory and Vicarious Liability for**

6  **Unauthorized Reproduction, Distribution and Display of Computer Program - Against All**

7  **of the Simple Defendants)**

8        86.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

9  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 85 above.

10        87.    The computer program developed by Plaintiff to operate its website located at

11  www.searchsystems.net comprises a substantial amount of material wholly original with

12  Plaintiff, and is copyrightable subject matter under the laws of the United States.  That computer

13  program commonly is referred to as "source code," i.e., a set of statements or instructions to be

14  used directly or indirectly in a computer in order to bring about a certain result.

15        88.    On February 9, 2006, Plaintiff secured the exclusive rights and privileges in and to

16  the statutory copyright in the source code that operates Plaintiff's website as a published work,

17  and duly registered a claim thereto in the United States Copyright Office, evidenced by a

18  Certificate of Registration issued by the Register of Copyrights, dated and identified as follows:

19  "TX 6-275-367".

20        89.    At all times pertinent hereto, Plaintiff duly has complied with all of the provisions

21  of the Copyright Laws of the United States applicable to the source code element of Plaintiff's

22  website.  Plaintiff is the proprietor of the statutory copyright in and to the source code operating

23  its website, and duly is possessed of all rights, title and interests therein.

24        90.    Plaintiff is informed, believes and thereon alleges that, commencing upon a date

25  presently unknown to Plaintiff, but within the applicable statute of limitations period, the Airon

26  Group, and each of them, infringed Plaintiff's statutory copyright in and to the source code

27

28

operating Plaintiff's website, by reproducing, distributing and displaying copies of such text elements.

91.    In particular, but without limitation, Plaintiff is informed, believes and thereon alleges that, on a date that presently is unknown to Plaintiff, the Airon Group, and each of them, infringed Plaintiff's copyright in and to the Source Code operating Plaintiff's Website by reproducing, distributing and displaying elements of the Source Code on the following websites of the Airon Group:

**URL'S OF WEBSITES OF AIRON GROUP HOSTED BY DEFENDANTS**

www.webinvestigator.org
www.backgroundrecords.org
www.bargainsherlock.com;
www.civilfiles.com
www.credithistory.org
www.courtrecords.org
www.criminalfiles.org
www.elimiware.com
www.investigate123.com
www.legalfiles.org
www.livemp3downloads.com
www.locateclassmates.org
www.locatepeople.org
www.repoautos.org
www.repojewelry.com
www.reversegenie.com
www.reverserecords.org
www.rmvrecords.org
www.searchpublicrecords.org
www.seizedelectronics.com
www.seizedrealestate.com
www.stateauctions.org
www.unclaimedtickets.com
www.restrictedonly.com
www.cisworldwide.com

These websites which contain significant and substantial amounts of Plaintiff's website content, which content was illegally copied from www.searchsystems.net.

92.    For each of these websites, the Airon Group, copied, duplicated, and in fact imported wholesale all of the source code underlying Plaintiff's Database, including the "search"

and "link" functions found on Plaintiff's WEBSITE. This activity was undertaken without Plaintiff's knowledge or consent.

93.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein. Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

94.    William Travis Sullivan is a corporate officer of Defendant Simple Communications. And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

95.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

96.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

97.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

98.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants'

1   conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

2   Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

3   and permanent injunctive relief against all Defendants' for their misconduct.

4                                **EIGHTH CLAIM FOR RELIEF**

5   **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under**

6   **the Copyright Act, *17 U.S.C. §§ 101 et. seq.* - Vicarious Liability for Unauthorized**

7   **Reproduction, Distribution and Display of Computer Program - Against All of the Simple**

8                                           **Defendants)**

9          99.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by

10  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 98 above.

11         100.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

12  actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

13  named herein are vicariously liable for the violation of *18 U.S.C. §§ 101, et. seq.* in that Plaintiff

14  is informed and believes and thereon alleges that the Simple Defendants named herein could

15  control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the

16  Airon Group.

17         101.    Defendants, and each of them, in performing the conduct complained of herein,

18  acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

19  Defendants, and each of them, are therefore guilty of malice and oppression in conscious

20  disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

21  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

22  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

23         102.    Defendants have engaged in, continue to engage in, and unless restrained, will

24  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

25  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

26  said damages would not adequately compensate for the injury to Pacific Information Resources'

27

28
                                              ___24___
                                            **COMPLAINT**

business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

**NINTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under**

**the Digital Millennium Copyright Act, *17 U.S.C. §§ 1201 et. seq.* - Contributory Liability**

**for Unauthorized Reproduction, Distribution and Display of Circumvention of Copyright**

**Protection - Against All of the Simple Defendants)**

103.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 102 above.

104.    Plaintiff is informed, believes and thereon alleges that the Airon Group have

circumvented various technological measures deployed by Plaintiff that effectively control access

to the Database.  In particular, but without limitation, Plaintiff originally used a programming

language called HyperText Markup Language ("HTML") to create the pages of its website.  In

order to improve security, Plaintiff later transitioned to another programming language called

PHP: Hypertext Preprocessor ("PHP") and incorporated into MD-5 the PHP version of the

WEBSITE.  This measure, in the ordinary course of its operation, required the application of

information, or a process or a treatment, with the authority of the copyright owner, in order to

gain access to the work.

105.    Plaintiff is informed, believes, and thereon alleges that the Airon Group "cracked"

or "reverse engineered" Plaintiff's MD-5 enhanced PHP source code, thereby circumventing,

avoiding, bypassing, removing, deactivating, or impairing the technological measures deployed

by Plaintiff that effectively controlled access to a copyrighted work, i.e., Plaintiff's computer

source code, in a manner and for a purpose not permitted by the Digital Millennium Copyright

Act.

106.    Plaintiff further is informed, believes and thereon alleges that the primary reason why the Airon Group undertook such activities, was so that they could unlawfully use, "reverse engineer," and copy Plaintiff's database, in order to improve the performance and features of their own websites, respectively, and to develop a product or products that each of such Defendants would attempt to market in competition with Plaintiff.

107.    The Airon Group in fact unlawfully copied Plaintiff's computer SOURCE CODE, and utilized it in the operation of each of their respective websites.  Plaintiff is informed, believes and thereon alleges that such conduct by Defendants, and each of them, was knowing and willful, and undertaken for the specific purpose of duplicating Plaintiff's computer SOURCE CODE and infringing Plaintiff's copyright therein and thereto.  By copying Plaintiff's SOURCE CODE, the Airon Group have developed, or are in the process of developing, one or more products or portions thereof that are identical or substantially similar to Plaintiff's SOURCE CODE in their underlying logic, structure, organization and sequence, as well as in various other respects.

108.    The natural, probable and foreseeable result and consequence of the Airon Group as set forth herein, has been and will continue to be to deprive Plaintiff of business; to deprive Plaintiff of goodwill; to injure Plaintiff's relations with prospective customers; and to impose substantial expenses on Plaintiff to counteract the aforesaid conduct.  Plaintiff has lost or will lose substantial revenues derived from the commercial operation of its website, and has sustained or will sustain damages as a result of the wrongful conduct of the Airon Group, and each of them, as alleged herein.

109.    For example, but not by way of limitation, because the Airon Group have not incurred the substantial research and development costs, and other overhead expenses associated with developing and improving Plaintiff's website, the Airon Group will be able to market and sell their respective infringing products at lower cost than those Plaintiff must charge.  As a result, the sale and marketing of any infringing products has and will continue to artificially erode the price that potential customers will be willing to pay to Plaintiff for the use of Plaintiff's

26
**COMPLAINT**

1   website, and that prospective advertisers will be willing to pay in order to access those potential

2   customers.

3   110.    The Simple Defendants had or have knowledge of the illegal and otherwise

4   infringing activities described herein.  Indeed, the Simple Defendants induced, caused or

5   materially contributed to the illegal or infringing conduct of the Airon Group described herein.

6   111.    William Travis Sullivan is a corporate officer of Defendant Simple

7   Communications.  And in his capacity as a corporate officer is the moving, active conscious

8   force behind Defendant Simple Communications' illegal actions described herein.

9   112.    Indeed, such officers are personally liable as contributor infringers where they

10  normally engage in personal conduct that encourages or assists the illegal activity.

11  113.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of

12  the Simple Defendants named herein materially induced, caused or contributed to the illegal

13  conduct of the Airon Group described herein, and each of the Simple Defendants, with a

14  knowing or intentional state of mind, contributed to the conduct constituting the illegal violations

15  alleged herein by the Airon Group.

16  114.    Defendants, and each of them, in performing the conduct complained of herein,

17  acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

18  Defendants, and each of them, are therefore guilty of malice and oppression in conscious

19  disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

20  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

21  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

22  115.    Defendants have engaged in, continue to engage in, and unless restrained, will

23  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

24  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

25  said damages would not adequately compensate for the injury to Pacific Information Resources'

26  business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

27

28

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

## TENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under**

**the Digital Millennium Copyright Act, *17 U.S.C. §§ 1201 et. seq.* - Vicarious Liability for**

**Unauthorized Reproduction, Distribution and Display of Circumvention of Copyright**

**Protection - Against All of the Simple Defendants)**

116.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 115 above.

117.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

named herein are vicariously liable for the violation of *17 U.S.C. §§ 1201, et. seq.* in that

Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein

could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of

the Airon Group.

118.    Defendants, and each of them, in performing the conduct complained of herein,

acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

Defendants, and each of them, are therefore guilty of malice and oppression in conscious

disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

119.    Defendants have engaged in, continue to engage in, and unless restrained, will

continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

suffer great and irreparable injury, for which damages would not afford adequate relief, in that

said damages would not adequately compensate for the injury to Pacific Information Resources'

business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

### ELEVENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

**Infringement of Unregistered SERVICE MARKS *§ 43(a)* of the Lanham Act, *15 U.S.C. §***

***1125 et. seq.* - Contributory Liability - Against All of the Simple Defendants)**

120.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 119 above.

121.    Plaintiff has operated various versions of its website located at

www.searchsystems.net since 1997.  During the interval of time between then and the present,

Plaintiff's website has been viewed by millions of persons, and is regarded as the premier web

site on the World Wide Web for governmental and public records searches.  Plaintiff's term

SERVICE MARKS, together with the trade dress, design and features of Plaintiff's website, are

inherently distinctive, because their intrinsic nature serves to identify them as coming from a

particular source, that is, Plaintiff.  That notwithstanding, they also have acquired significant

secondary meaning, and the SERVICE MARKS "search systems" and Plaintiff's website have

become synonymous in the mind of the public, because they identify the source of the product,

rather than the product itself.

122.    The Airon Group used the SERVICE MARKS "search systems," and various

cognates, in interstate commerce, without Plaintiff's consent, in connection with the sale, offering

for sale, distribution, or advertising of goods and services at their respective websites, in a way

that is likely to mislead or cause confusion among ordinary prudent purchasers.  Such use by the

Airon Group, and each of them, of the term "search systems," and various cognates, is both a

**COMPLAINT**

1   false or misleading designation of origin, and a false or misleading description or representation

2   of fact.

3          123.    Among other factors, consumers were mislead (confused) into thinking that

4   Plaintiff was the originator or proprietor of the various websites operated by the Airon Group,

5   and each of them, and of the goods and services sold at such sites; that Plaintiff somehow was

6   affiliated, connected or associated with the Airon Group, or any of them; and that Plaintiff

7   somehow had endorsed or approved the websites of the Airon Group, and each of them, and the

8   goods or services sold at such sites.  The classes of goods and services (viz, public records

9   searches) offered by the Airon Group are virtually identical with the goods and services offered

10  by Plaintiff.  In fact (by way of example, but not by way of limitation), Plaintiff has received

11  numerous e-mail messages in the nature of complaints from consumers who thought they had

12  received goods from, or subscribed to services offered by Plaintiff, when in fact they had

13  subscribed to misleadingly-similar services offered by the Airon Group or received goods from

14  Defendants.

15         124.    The imitation, copying, and unauthorized use by the Airon Group and each of

16  them, of Plaintiffs' SERVICE MARKS and trade dress, has caused and will continue to cause

17  irreparable injury to Plaintiff, including (but not limited to) injury to Plaintiff's business,

18  reputation, and dilution of the distinctive qualities of Plaintiff's SERVICE MARKS and trade

19  dress.

20         125.    The Simple Defendants had or have knowledge of the illegal and otherwise

21  infringing activities described herein.  Indeed, the Simple Defendants induced, caused or

22  materially contributed to the illegal or infringing conduct of the Airon Group described herein.

23         126.    William Travis Sullivan is a corporate officer of Defendant Simple

24  Communications.  And in his capacity as a corporate officer is the moving, active conscious

25  force behind Defendant Simple Communications' illegal actions described herein.

26

27

28
                                    30
                            **COMPLAINT**

127.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

128.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

129.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

130.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

///

//

/

**COMPLAINT**

1

**TWELFTH CLAIM FOR RELIEF**

2

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief for**

3

**Infringement of Unregistered SERVICE MARKS - *§43(a)* of the Lanham Act, *15 U.S.C. §***

4

***1125 et. seq.* - Vicarious Liability Against All of the Simple Defendants)**

5      131.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

6   reference as if fully set forth herein the allegations set forth in paragraphs 1 through 130 above.

7      132.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

8   actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

9   named herein are vicariously liable for the violation of *15 U.S.C. § 1125* in that Plaintiff is

10   informed and believes and thereon alleges that the Simple Defendants named herein could

11   control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the

12   Airon Group.

13      133.    Defendants, and each of them, in performing the conduct complained of herein,

14   acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

15   Defendants, and each of them, are therefore guilty of malice and oppression in conscious

16   disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

17   punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

18   amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

19      134.    Defendants have engaged in, continue to engage in, and unless restrained, will

20   continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

21   suffer great and irreparable injury, for which damages would not afford adequate relief, in that

22   said damages would not adequately compensate for the injury to Pacific Information Resources'

23   business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

24   conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

25   Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

26   and permanent injunctive relief against all Defendants' for their misconduct.

27

28

**COMPLAINT**

**THIRTEENTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Infringement of Registered SERVICE MARKS - *15 U.S.C. § 1114* - Contributory Liability Against All Defendants)**

135.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 134 above.

136.    Since 1996, Plaintiff has had a registration for its SERVICE MARK bearing United States Patent and Trademark Office, Service Mark Registration Number 2019094.  A true and correct copy of Plaintiff's registration with the United States Patent and Trademark Office is, as previously noted, attached hereto and incorporated herein as *Exhibit "2."*

137.    The registration has become incontestable under *15 U.S.C. § 1065* in 2002.

138.    The consuming public and trade have come to associate Plaintiff's mark "searchsystems.net" as an indication of Plaintiff Pacific Information Resources' as the source of the manufacture, sponsorship for approval of and providing of the services and products which can be obtained through use of the website www.searchsystems.net.  Through Plaintiff's investment of time, money and effort, Plaintiff has developed substantial goodwill in its mark "searchsystems.net" among the consuming public that uses the Internet, as more specifically described in paragraphs 9 through 19 and 28 through 29.

139.    The Airon Group have had knowledge of the mark "searchsystems.net" used by Plaintiff, and Plaintiff's successful use of the mark, by virtue of the Airon Group engaging in the illegal activity of going into Plaintiff's website and copying Plaintiff's customized links, copy of Plaintiff's website, and also creating mass consumer confusion whereby the Airon Group causes unsuspecting consumers to be routed back to Plaintiff for complaints regarding membership fees and so forth.  *See* paragraphs 28 through 29 and 30 through 39 of this instant Complaint, *supra*.

140.    The Airon Group, and each of them, have charged various unsuspecting consumers/users for access to their illegal and infringing sites.  But, in the process, of providing

the unauthorized information of Plaintiff's links to various sites, the Airon Group invariably, inevitably and repeatedly used Plaintiff's website URL, www.searchsystems.net as indicating the source for these services or the source where complaints should be pursued.  Indeed, Plaintiff has been inundated with complaints from (confused) persons who have paid for access to one of the Airon Group sites, who thought that they were accessing the WEBSITE (i.e., Plaintiff's WEBSITE).  This in turn has lead to considerable discussion of the WEBSITE in various on-line forums, which have become even more influential in determining behavior and selections made by Internet users.

141.    By virtue of the Airon Group causing consumers to become confused in mistaken Plaintiff's URL for the Airon Group's sites, the Airon Group's URLs, the trade and consuming public is currently greatly confused or deceived into believing that the Airon Group's services and websites are provided by or in conjunction with or the approval of Plaintiff.  See *Exhibit "6,"* containing true and correct copies of numerous emails complaining to Plaintiff about passwords and fees paid when Plaintiff has never previously been in contact with these consumers and indeed never charged for the basic services as previously discussed herein, in contrast to Defendants.

142.    The Airon Group has infringed Plaintiff's rights in its federally registered mark and as a result has caused and will continue to cause actual and irreparable damage to the goodwill and reputation of Plaintiff Pacific Information Resources in violation of the Lanham Act, *15 U.S.C. § 1114.*

143.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

144.    William Travis Sullivan is a corporate officer of Defendant Simple Communications. And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

145.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

146.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

147.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

148.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

///

//

/

**COMPLAINT**

1

## FOURTEENTH CLAIM FOR RELIEF

2

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

3

**Infringement of Registered SERVICE MARKS -*15 U.S.C. § 1114* - Vicarious Liability**

4

**Against All Defendants)**

5      149.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

6  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 148 above.

7      150.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

8  actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

9  named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is

10 informed and believes and thereon alleges that the Simple Defendants named herein could

11 control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the

12 Airon Group.

13     151.    Defendants, and each of them, in performing the conduct complained of herein,

14 acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

15 Defendants, and each of them, are therefore guilty of malice and oppression in conscious

16 disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

17 punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

18 amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

19     152.    Defendants have engaged in, continue to engage in, and unless restrained, will

20 continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

21 suffer great and irreparable injury, for which damages would not afford adequate relief, in that

22 said damages would not adequately compensate for the injury to Pacific Information Resources'

23 business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

24 conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

25 Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

26 and permanent injunctive relief against all Defendants' for their misconduct.

27

28
**COMPLAINT**

**FIFTEENTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Violation of *15 U.S.C. § 1125(a)*: Contributory and Vicarious False Designation of Origin/False Advertising Against All Defendants)**

153.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 152 above.

154.    The Airon Group's use of deceptive and confusingly similar variations and copies of the SERVICE MARKS as described hereinabove is a use in interstate commerce of words and/or symbols, a false designation of origin, and/or a false description or representation, and such is likely to cause confusion, to cause mistake, to deceive the public into the affiliation of the Airon Group with Pacific Information Resources and/or the WEBSITE, or as to the origin, sponsorship, or approval of the Airon Group's websites and the WEBSITE.  Such use has already misled and deceived, and will continue to mislead and deceive, the public into believing that the Airon Group's counterfeit and infringing services originate with Pacific Information Resources, are licensed by Pacific Information Resources or the WEBSITE, or are in some way sanctioned by, or otherwise affiliated with, the services of Pacific Information Resources or the WEBSITE.

155.    The Airon Group's unauthorized association of the counterfeit and infringing services with Pacific Information Resources and/or the WEBSITE will cause such damage to the WEBSITE that Pacific Information Resources will be irreparably harmed.

156.    By so imitating, counterfeiting, and infringing the Pacific Information Resources' SERVICE MARKS in interstate commerce, the Airon Group has violated Section 43(a) of the Lanham Act, *15 U.S.C. § 1125(a)*.

157.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

**COMPLAINT**

158.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

159.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

160.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

161.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

162.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

163.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

164. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

165. Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

166. Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

167. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

1   Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

2   and permanent injunctive relief against all Defendants' for their misconduct.

3                           **SIXTEENTH CLAIM FOR RELIEF**

4   **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

5   **Contributory and Vicarious False Endorsement Under Lanham Act, *15 U.S.C. § 1125(a)***

6                           **Against All Defendants)**

7          168.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

8   reference as if fully set forth herein the allegations set forth in paragraphs 1 through 167 above.

9          169.    As a result of the secondary meaning established for Plaintiff's SERVICE

10  MARKS and as a result of Plaintiff's creating and producing the WEBSITE that has come to be

11  recognized as "the public records website" since 1997.

12         170.    The Airon Group has by their conduct complained of above attempted to convert

13  as well as misappropriate Plaintiff's SERVICE MARKS and Plaintiff's WEBSITE and thereby

14  deceive the public into believing that the websites sponsored by the Airon Group were either

15  endorsed by Plaintiff or constitute authorized replications of the links and content of Plaintiff's

16  WEBSITE.  In short, the Airon Group is seeking to divert the goodwill that Plaintiff Pacific

17  Information Resources has developed in its WEBSITE since 1995.

18         171.    As a result of the Airon Group's unauthorized imitation of Plaintiff's SERVICE

19  MARKS and Plaintiff's WEBSITE, the Airon Group has created a "false endorsement" in

20  violation of *15 U.S.C. § 1125(a)(1)(A)*.

21         172.    As a result of the Airon Group's improper "false endorsement" activities, the

22  Airon Group is profiting, with minimal costs to themselves, from the considerable expenditures

23  of effort, time and money that Plaintiff has invested over the past ten (10) years in developing its

24  SERVICE MARKS and the WEBSITE.

25         173.    By reason of the foregoing, Plaintiff Pacific Information Resources has been

26  irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the

27

28
                                        40

remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

174.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

175.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

176.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

177.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

178.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

179.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

1  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

2  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

3      180.    Defendants have engaged in, continue to engage in, and unless restrained, will

4  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

5  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

6  said damages would not adequately compensate for the injury to Pacific Information Resources'

7  business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

8  conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

9  Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

10  and permanent injunctive relief against all Defendants' for their misconduct.

11      181.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

12  actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

13  named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is

14  informed and believes and thereon alleges that the Simple Defendants named herein could

15  control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the

16  Airon Group.

17      182.    Defendants, and each of them, in performing the conduct complained of herein,

18  acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

19  Defendants, and each of them, are therefore guilty of malice and oppression in conscious

20  disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

21  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

22  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

23      183.    Defendants have engaged in, continue to engage in, and unless restrained, will

24  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

25  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

26  said damages would not adequately compensate for the injury to Pacific Information Resources'

27

28

business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

### SEVENTEENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

**Violation of *15 U.S.C. § 1125(a)*: Contributory and Vicarious Trade Name Infringement**

**Against All Defendants)**

184.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 183 above.

185.    Plaintiff Pacific Information Resources has consistently registered and maintained

various trade names with the Ventura County Clerk since 1989.  These trade names are words,

symbols, or any combination thereof used to identify a business or occupation and distinguish it

from the business or occupation of others.  California Business and Professions Code Section

14208.  Trade Names "symbolize the reputation of a business as a whole." *Stephen W. Boney,*

*Inc. v. Boney Services, Inc.*, 127 F.3d 821, 829 (9th Cir. 1997).  The filing of any fictitious

business name statement establishes a rebuttable presumption that the registrant has the exclusive

right to use that trade name as well as any other confusingly similar trade name. The trade names

legally registered and maintained by Plaintiff since 1989 include the words and symbols "search

systems", and "searchsystems.net" (collectively the "TRADE NAMES").

186.    The Airon Group has used copies, and/or substantially and confusingly similar

variations, of Plaintiff's TRADE NAMES in interstate commerce without the consent of the

Plaintiff, for the purpose of selling counterfeit and infringing services.  The Airon Group has

caused and continue to cause confusion, mistake, and deception in the minds of the public.

187.    Plaintiff's use of the TRADE NAMES has been exclusive and continuous since

1989.

188.    Plaintiff has expended enormous amounts of time, effort and money promoting its services and the WEBSITE through use of the TRADE NAMES such that the relevant consuming public has come to associate Plaintiff's TRADE NAMES with Plaintiff or with Plaintiff's services of producing the WEBSITE, such that Plaintiff's unregistered TRADE NAMES have acquired "secondary meaning."

189.    By selling services using substantially and confusingly similar variations of the TRADE NAMES or actual reproductions of the TRADE NAMES, the Airon Group has imitated, counterfeited, and infringed the Plaintiff's TRADE NAMES in interstate commerce and have violated the Lanham Act, *15 U.S.C. § 1125(a)*.

190.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in *15 U.S.C. § 1116, et seq.*, including but not limited to treble damages, attorney's fees and injunctive relief.

191.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

192.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

193.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

194.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

195.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

196.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

197.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

198.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

1    199.    Defendants, and each of them, in performing the conduct complained of herein,

2    acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

3    Defendants, and each of them, are therefore guilty of malice and oppression in conscious

4    disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

5    punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

6    amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

7    200.    Defendants have engaged in, continue to engage in, and unless restrained, will

8    continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

9    suffer great and irreparable injury, for which damages would not afford adequate relief, in that

10    said damages would not adequately compensate for the injury to Pacific Information Resources'

11    business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

12    conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

13    Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

14    and permanent injunctive relief against all Defendants' for their misconduct.

15    **EIGHTEENTH CLAIM FOR RELIEF**

16    **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief for**

17    **Contributory and Vicarious Violation of Lanham Act, *15 U.S.C. § 1125(a)* for Contributory**

18    **and Vicarious Infringement of Trade Dress Against All Defendants)**

19    201.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

20    reference as if fully set forth herein the allegations set forth in paragraphs 1 through 200 above.

21    202.    Plaintiff's WEBSITE has a trade dress which is the total image of its WEBSITE

22    business (the "TRADE DRESS"). Plaintiff's TRADE DRESS is the total image and overall

23    appearance of the WEBSITE which also includes the links and content of the WEBSITE for the

24    past ten (10) years.  Plaintiff's TRADE DRESS creates a combination of mental and visual

25    elements that taken together create a distinctive visual impression in the minds of Internet

26    consumers.

27

28
**COMPLAINT**

203.    Plaintiff is entitled to protection for its particular combination of elements which constitute the TRADE DRESS of the WEBSITE as a whole.

204.    The trade dress or website configurations of the Airon Group's websites are confusingly similar to Plaintiff's TRADE DRESS.  The advertisements are substantially similar. The configuration of Defendants' websites are confusingly and substantially similar to Plaintiff Pacific Information Resources' WEBSITE.

205.    The appropriated features of the Plaintiff's TRADE DRESS are non-functional. Furthermore, Plaintiff's TRADE DRESS has obtained secondary meaning such that consumers associate the TRADE DRESS of the WEBSITE with Pacific Information Resources or with a single anonymous source (which is Pacific Information Resources).

206.    Furthermore, there is likelihood that the public will be confused by the infringing use of Plaintiff's TRADE DRESS by Defendants.

207.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

208.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

209.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

210.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

211.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal

1    conduct of the Airon Group described herein, and each of the Simple Defendants, with a

2    knowing or intentional state of mind, contributed to the conduct constituting the illegal violations

3    alleged herein by the Airon Group.

4    212.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

5    actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

6    named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff

7    is informed and believes and thereon alleges that the Simple Defendants named herein could

8    control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the

9    Airon Group.

10    213.    Defendants, and each of them, in performing the conduct complained of herein,

11    acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

12    Defendants, and each of them, are therefore guilty of malice and oppression in conscious

13    disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

14    punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

15    amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

16    214.    Defendants have engaged in, continue to engage in, and unless restrained, will

17    continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

18    suffer great and irreparable injury, for which damages would not afford adequate relief, in that

19    said damages would not adequately compensate for the injury to Pacific Information Resources'

20    business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

21    conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

22    Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

23    and permanent injunctive relief against all Defendants' for their misconduct.

24    215.    Assuming, *arguendo*, that the Simple Defendants named herein did not have

25    actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants

26    named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is

27

28
**COMPLAINT**

1   informed and believes and thereon alleges that the Simple Defendants named herein could

2   control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the

3   Airon Group.

4       216.    Defendants, and each of them, in performing the conduct complained of herein,

5   acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

6   Defendants, and each of them, are therefore guilty of malice and oppression in conscious

7   disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

8   punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

9   amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

10      217.    Defendants have engaged in, continue to engage in, and unless restrained, will

11  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

12  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

13  said damages would not adequately compensate for the injury to Pacific Information Resources'

14  business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

15  conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

16  Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

17  and permanent injunctive relief against all Defendants' for their misconduct.

18                          **NINETEENTH CLAIM FOR RELIEF**

19  **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

20  **Contributory and Vicarious Violation of *15 U.S.C. § 1125(a)*: Contributory and Vicarious**

21                              **Unfair Competition**

22                              **Against All Defendants)**

23      218.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

24  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 217 above.

25      219.    The Airon Group's use of copies of the SERVICE MARKS, TRADE NAMES,

26  and/or TRADE DRESS or of deceptively and confusingly similar variations of the SERVICE

27

28
                                            49
                                      **COMPLAINT**

MARKS, TRADE NAMES, and/or TRADE DRESS  constitutes passing off, infringement, and misappropriation of the SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS in violation of *15 U.S.C. § 1125(a)*.

220.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

221.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

222.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

223.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

224.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

225.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

226.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

227.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

228.     Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

229.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

230.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**TWENTIETH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Contributory and Vicarious SERVICE MARK Dilution in Violation of *15 U.S.C. § 1125( c)* Against All Defendants)**

231.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 230 above.

232.   The SERVICE MARKS of the WEBSITE have been famous and distinctive from at least as early as 1996.

233.   The Airon Group's use of the SERVICE MARKS or of versions of the SERVICE MARKS which are deceptively and confusingly similar, in connection with the counterfeit and infringing service dilutes the distinctive quality of and tarnishes the public image of the SERVICE MARKS and the WEBSITE, and harms the reputation of the WEBSITE.

234.   The Airon Group's attempt to replicate the links and content of the WEBSITE with advertising geared to capitalize on the secondary meaning associated with the WEBSITE.

235.   The Airon Group's willfully and intentionally trade on, dilute, and tarnish the SERVICE MARKS and the reputation of the WEBSITE.

236.    By so diluting and tarnishing the SERVICE MARKS and the WEBSITE, the Airon Group has violated the Federal SERVICE MARKS Dilution Act of 1995, *Section 43(c)* of the Lanham Act, *15 U.S.C. § 1125(c)*.

237.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

238.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

239.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

240.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

241.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

242.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

243.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

244.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

245.    Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

246.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

247.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**TWENTY-FIRST CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Cyberpiracy Under Anticybersquatting Consumer Protection Act-*15 U.S.C. § 1125(d)*-Contributory Liability Against All Defendants)**

248.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 247 above.

249.    The Airon Group's use of deceptive and confusingly similar variations and copies of the SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS,  including but not limited to Plaintiff's website URL, www.searchsystems.net, as described hereinabove are:

   a   Infringing uses in interstate commerce of words and/or symbols;

   b.   False designations of origin, and/or a false description or representation;

   c.   Dilutive of Plaintiff's SERVICE MARKS, which have achieved sufficient recognition to be classified as "famous" under *15 U.S.C. § 1125(c)*; and

   d.   Accordingly demonstrates bad faith intentions by the Airon Group to profit from Plaintiff's SERVICE MARKS.

250.    Indeed, such conduct by the Airon Group is likely to cause confusion, to cause mistake, to deceive the public into the affiliation of Defendants with Pacific Information Resources and/or its WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS

55
**COMPLAINT**

or as to the origin, sponsorship, or approval of the Airon Group's website and the WEBSITE. Such use has already misled and deceived, and will continue to mislead and deceive, the public into believing that the Airon Group's counterfeit and infringing services originate with Pacific Information Resources, are licensed by Pacific Information Resources or are in some way sanctioned by, or otherwise affiliated with, the services of Pacific Information Resources or its WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS.

251.    The Airon Group's unauthorized association of the counterfeit and infringing activities with Pacific Information Resources and/or its WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS will cause such damage that Pacific Information Resources will be irreparably harmed.

252.    By so imitating, counterfeiting, and infringing the WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS of Pacific Information Resources in interstate commerce, the Defendants have engaged and continue to engage in cyberpiracy, resulting in repeated violations of  Section 43(d) of the Lanham Act, *15 U.S.C. § 1125(d)*.

253.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. §§ 1125 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

254.    The Simple Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Simple Defendants induced, caused or materially contributed to the illegal or infringing conduct of the Airon Group described herein.

255.    William Travis Sullivan is a corporate officer of Defendant Simple Communications.  And in his capacity as a corporate officer is the moving, active conscious force behind Defendant Simple Communications' illegal actions described herein.

256.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

257.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the Simple Defendants named herein materially induced, caused or contributed to the illegal conduct of the Airon Group described herein, and each of the Simple Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the Airon Group.

258.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

259.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## TWENTY-SECOND CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Cyberpiracy Under Anticybersquatting Consumer Protection Act-*15 U.S.C. § 1125(d)*-Vicarious Liability Against All Defendants)**

260.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 259 above.

**COMPLAINT**

261.   Assuming, *arguendo*, that the Simple Defendants named herein did not have actual or direct knowledge of the illegal activity of the Airon Group, the Simple Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the Simple Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the Airon Group.

262.   Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

263.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## PRAYER

WHEREFORE, Plaintiff Pacific Information Resources demands that judgment be entered against each of the Defendants as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.   For General and Special damages to be proven at trial, to the extent allowed by law;

**COMPLAINT**

1    2.    For injunctive relief to the extent allowed by law;

2    3.    For attorney's fees and costs to the extent allowed by law;

3    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

4    damages to the extent allowed by law;

5                        **ON THE SECOND CLAIM FOR RELIEF**

6    1.    For General and Special damages to be proven at trial, to the extent allowed by

7    law;

8    2.    For injunctive relief to the extent allowed by law;

9    3.    For attorney's fees and costs to the extent allowed by law;

10    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

11    damages to the extent allowed by law;

12                        **ON THE THIRD CLAIM FOR RELIEF**

13    1.    For General and Special damages to be proven at trial, to the extent allowed by

14    law;

15    2.    For injunctive relief to the extent allowed by law;

16    3.    For attorney's fees and costs to the extent allowed by law;

17    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

18    damages to the extent allowed by law;

19                        **ON THE FOURTH CLAIM FOR RELIEF**

20    1.    For General and Special damages to be proven at trial, to the extent allowed by

21    law;

22    2.    For injunctive relief to the extent allowed by law;

23    3.    For attorney's fees and costs to the extent allowed by law;

24    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

25    damages to the extent allowed by law;

26

27

28
**COMPLAINT**

**ON THE FIFTH CLAIM FOR RELIEF**

1. For General and Special damages to be proven at trial, to the extent allowed by law;

2. For injunctive relief to the extent allowed by law;

3. For attorney's fees and costs to the extent allowed by law;

4. For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE SIXTH CLAIM FOR RELIEF**

1. For General and Special damages to be proven at trial, to the extent allowed by law;

2. For injunctive relief to the extent allowed by law;

3. For attorney's fees and costs to the extent allowed by law;

4. For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE SEVENTH CLAIM FOR RELIEF**

1. For General and Special damages to be proven at trial, to the extent allowed by law;

2. For injunctive relief to the extent allowed by law;

3. For attorney's fees and costs to the extent allowed by law;

4. For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE EIGHTH CLAIM FOR RELIEF**

1. For General and Special damages to be proven at trial, to the extent allowed by law;

2. For injunctive relief to the extent allowed by law;

3. For attorney's fees and costs to the extent allowed by law;

**COMPLAINT**

1    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

2  damages to the extent allowed by law.

3                    **ON THE NINTH CLAIM FOR RELIEF**

4    1.    For General and Special damages to be proven at trial, to the extent allowed by

5  law;

6    2.    For injunctive relief to the extent allowed by law;

7    3.    For attorney's fees and costs to the extent allowed by law;

8    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

9  damages to the extent allowed by law;

10                    **ON THE TENTH CLAIM FOR RELIEF**

11    1.    For General and Special damages to be proven at trial, to the extent allowed by

12  law;

13    2.    For injunctive relief to the extent allowed by law;

14    3.    For attorney's fees and costs to the extent allowed by law;

15    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

16  damages to the extent allowed by law;

17                    **ON THE ELEVENTH CLAIM FOR RELIEF**

18    1.    For General and Special damages to be proven at trial, to the extent allowed by

19  law;

20    2.    For injunctive relief to the extent allowed by law;

21    3.    For attorney's fees and costs to the extent allowed by law;

22    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

23  damages to the extent allowed by law;

24                    **ON THE TWELFTH CLAIM FOR RELIEF**

25    1.    For General and Special damages to be proven at trial, to the extent allowed by

26  law;

27

28

1    2.    For injunctive relief to the extent allowed by law;

2    3.    For attorney's fees and costs to the extent allowed by law;

3    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

4    damages to the extent allowed by law;

5    ### ON THE THIRTEENTH CLAIM FOR RELIEF

6    1.    For General and Special damages to be proven at trial, to the extent allowed by

7    law;

8    2.    For injunctive relief to the extent allowed by law;

9    3.    For attorney's fees and costs to the extent allowed by law;

10   4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

11   damages to the extent allowed by law;

12   ### ON THE FOURTEENTH CLAIM FOR RELIEF

13   1.    For General and Special damages to be proven at trial, to the extent allowed by

14   law;

15   2.    For injunctive relief to the extent allowed by law;

16   3.    For attorney's fees and costs to the extent allowed by law;

17   4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

18   damages to the extent allowed by law;

19   ### ON THE FIFTEENTH CLAIM FOR RELIEF

20   1.    For General and Special damages to be proven at trial, to the extent allowed by

21   law;

22   2.    For injunctive relief to the extent allowed by law;

23   3.    For attorney's fees and costs to the extent allowed by law;

24   4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

25   damages to the extent allowed by law;

26

27

28

**COMPLAINT**

**ON THE SIXTEENTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

4.      For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE SEVENTEENTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

4.      For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE EIGHTEENTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

4.      For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE NINETEENTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

**COMPLAINT**

1    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

2  damages to the extent allowed by law;

3                    **ON THE TWENTIETH CLAIM FOR RELIEF**

4    1.    For General and Special damages to be proven at trial, to the extent allowed by

5  law;

6    2.    For injunctive relief to the extent allowed by law;

7    3.    For attorney's fees and costs to the extent allowed by law;

8    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

9  damages to the extent allowed by law;

10                  **ON THE TWENTY-FIRST CLAIM FOR RELIEF**

11    1.    For General and Special damages to be proven at trial, to the extent allowed by

12  law;

13    2.    For injunctive relief to the extent allowed by law;

14    3.    For attorney's fees and costs to the extent allowed by law;

15    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

16  damages to the extent allowed by law;

17                 **ON THE TWENTY-SECOND CLAIM FOR RELIEF**

18    1.    For General and Special damages to be proven at trial, to the extent allowed by

19  law;

20    2.    For injunctive relief to the extent allowed by law;

21    3.    For attorney's fees and costs to the extent allowed by law;

22    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

23  damages to the extent allowed by law;

24                    **ON ALL CAUSES OF ACTION**

25    1.    That the Defendants, their officers, agents, servants, employees, heirs, assigns,

26  successors-in-interest, and all persons in concert or participation with the Defendants be

27  preliminarily and permanently enjoined from:

28

**COMPLAINT**

1        a.    contributorily and vicariously infringing Plaintiff Pacific Information

2    Resources' registered SERVICE MARKS;

3        b.    contributorily and vicariously infringing Plaintiff Pacific Information

4    Resources' unregistered SERVICE MARKS which have become distinctive in the public's mind

5    and cause the public to associate Plaintiff Pacific Information Resources' services and Website

6    with the SERVICE MARKS;

7        c.    contributorily and vicariously infringing Plaintiff Pacific Information

8    Resources' unregistered TRADE NAMES which have become distinctive in the public's mind

9    and cause the public to associate Plaintiff Pacific Information Resources' services and Website

10    with the TRADE NAMES;

11        d.    contributorily and vicariously selling or marketing services in any way that

12    tends to deceive, mislead, or confuse the public into believing that the Airon Group's websites

13    are in any way sanctioned by or affiliated with Plaintiff Pacific Information Resources' Website;

14        e.    contributorily and vicariously diluting the distinctive quality of Pacific

15    Information Resources' SERVICE MARKS, TRADE NAMES, TRADE DRESS and the

16    Website;

17        f.    otherwise facilitating Airon Group's efforts and activities of competing

18    unfairly with Plaintiff Pacific Information Resources or the Website;

19        h.    contributorily and vicariously infringing Plaintiff Pacific Information

20    Resources' copyrights relating to or concerning its Website and Source Code.

21        2.    That the Defendants be directed to file with this Court and serve on the Plaintiff

22    within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth

23    in detail the manner and form in which the Defendants have complied with the injunction.

24        3.    That the Defendants be required to account for and pay over to Plaintiff Pacific

25    Information Resources all gains, profits, and advantages realized from the illegal activities

26

27

28
**COMPLAINT**

described hereinabove, including, but not limited to, the sale of services by Defendants that involved (directly or indirectly) infringing the SERVICE MARKS and Copyrights of Plaintiff.

4.      That the Defendants be required to pay to Plaintiff Pacific Information Resources such damages as Plaintiff Pacific Information Resources has sustained as a consequence of the Defendants' acts of copyright infringement, technological circumvention, computer fraud, cybersquatting, service mark counterfeiting, service mark infringement, false advertising, service mark dilution, unfair competition, deceptive and unfair practices, including multiple damages, or enhanced damages, or exemplary damages or punitive damages to the extent allowed by the applicable laws.

5.      That the Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing copies, imitations, or reproductions, including confusingly similar variations of, the SERVICE MARKS, TRADE NAMES, or TRADE DRESS, WEBSITE and SOURCE CODE.

6.      That the Defendants be required to pay Plaintiff Pacific Information Resources costs, expenses, and reasonable attorney fees in connection with this action, as provided in the various applicable statutes.

7.      That Plaintiff Pacific Information Resources have such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 9, 2007

NOVO LAW GROUP, P.C.

By: _____
Konrad L. Trope, Esq.
Attorneys for Plaintiff PACIFIC
INFORMATION RESOURCES,
INC.

**COMPLAINT**

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations or persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

SIMPLE COMMUNICATIONS, an Alabama corporation;

WILLIAM TRAVIS SULLIVAN, individually,

Respectfully submitted,

Dated: August 9, 2007

NOVO LAW GROUP, P.C.

By: _____
Konrad L. Trope, Esq.
Attorneys for Plaintiff PACIFIC
INFORMATION RESOURCES,
INC.