**Konrad L. Trope, SBN 133214**
**Novo Law Group, P.C.**
4631 Teller Avenue, Suite 140
Newport Beach, California 92660
(949) 222-0899 (tel)
(949) 222-0983 (fax)
ktrope@novolaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | CASE NO.  CV-07-4131  MMC |
| | [Before the Honorable Maxine M. Chesney, Courtroom 7] |
| **PACIFIC INFORMATION RESOURCES, INC.** | |
| Plaintiff, | |
| | PLAINTIFF'S CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| v. | |
| **SIMPLE COMMUNICATIONS, et. al.** | |
| Defendants | |

    The Plaintiff to the above-entitled action submits this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

    **1.  A brief description of the events underlying the action:**

    Plaintiff operates an Internet Website/Search Engine which enables consumers to perform customized searches of over 30,000 databases which, inter alia, contain public records, and publicly accessible private records, for a various fees.  Plaintiff has obtained both copyright and trademark protection for its Website, the contents therein and the software program.  Plaintiff's Website has been reviewed and rated among the best on the Internet by respected publications (New York Times) and larger Search Engines such as Yahoo! and Google.

    Defendants are the operators of the ISP which assist the cyberpirates who have intentionally circumvented the security measures within Plaintiff's Website and have copied the content and software programs within Plaintiff's Source Code. These cyberpirates have each established their own Website offering the services and products of

Plaintiff's as if these services/produces were their own creation.  These cyberpirates are the Defendants in the related case of *Pacific Information Resources v Diana Musselman*, USDC Case No. C06-02306 MMC.  Defendants have thus directly and intentionally facilitated these cyberpirates by hosting their illegal websites.  These illegal websites have caused extensive confusion in the marketplace and have extensively damaged Plaintiff's business reputation and traffic flow, and thus Plaintiff's cash flow.

The foregoing activities of Defendants has taken months of exhaustive investigation by counsel, a private investigator, and other resources.  Defendants have used various schemes and devices to mask their true identities, locations and related parties such as spouses or agents.

Plaintiff has now filed an extensive and comprehensive complaint alleging violations of various federal statutes including, but not limited to the 1978 Copyright Act, Lanham Act, Trademark Dilution Act, Digital Millennium Copyright Act, Computer Fraud and Abuse Act, Anti-Cybersquatting Act, and related state claims under Supplemental Jurisdiction.

**2.  The principal factual issues which the parties dispute:**

**On October 2, 2007 Notice of Entry of Default was entered against all Defendants.**

**3.  The principal legal issues which the parties dispute:**

*See response to Question 2, supra.*

**4.  The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

*See response to Question 2, supra.*

**5.  The parties which have not been served and the reasons:**

*See response to Question 2, supra.*

**6.  The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

*See response to Question 2, supra.*

**7.  The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

**None, at this time;** *see response to Question 2, supra.*.

## ALTERNATIVE DISPUTE RESOLUTION

**8.** *[Please indicate the appropriate response(s).]*: **See response to Question 2, supra.**

❑ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____**.**

❑ **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process)***:**_____**.**

❑ **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____**.**

❑ **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____**.**

**9. Please indicate any other information regarding ADR process or deadline.**

Not applicable at this time for reasons set forth in Plaintiff's Response to Question No. 2, *supra*.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]***:**

Not applicable at this time for reasons set forth in Plaintiff's Response to Question No. 2, *supra*.

## DISCOVERY

**11. The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]***:**

Not applicable at this time for reasons set forth in Plaintiff's Response to Question No. 2, *supra*.

## TRIAL SCHEDULE

**12. The parties request a trial date as follows:**

The Court has approved Plaintiff filing an Application for Default Judgment by February 1, 2008.  Plaintiff has submitted a Request for an Extension to file its Application for Default Judgment not later than February 15, 2008.

**APPENDIX PG. 4**

**Not applicable at this time for reasons set forth in Plaintiff's Response to Question No. 2,** *supra*.  **Plaintiff wishes to file for injunctive relief and a default judgment.**

**13.  The parties expect that the trial will last for the following number of days:**

**Not applicable at this time for reasons set forth in Plaintiff's Response to Question No. 2,** *supra*.

**Dated: January 31, 2008**          /s/ Konrad L. Trope_____
                                     **Konrad L. Trope, Esq., SBN 133214**
                                     **Counsel for Plaintiff Pacific Information Resources, Inc.**

**Dated: _____**           Not applicable at this time for reasons set forth in Plaintiff's Response to Question No. 2, *supra*.
                                     _____
                                     **[Typed name and signature of counsel.]**

## CASE MANAGEMENT ORDER

Plaintiff is to file its Application to Default Judgment not later than February 15, 2008.  Consequently, the Case Management Statement and Proposed Order is hereby adopted by the Court as the New Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

Dated: _____          _____
                                UNITED STATES JUDGE

# PROOF OF SERVICE

I am employed in the County of Orange, State of California in the office of a member of the Bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is: **4631 Teller Avenue, Suite 140, Newport Beach, California 92660**.

On **January 31, 2008**, I served the foregoing document described as:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

on the interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

*SEE ATTACHED SERVICE LIST*

XX   **BY MAIL:** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee at the address on the attached Mailing List.

**BY FEDEX:** I deposited such envelopes at Irvine, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

**BY FACSIMILE:** I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

**BY INTERNET/E-MAIL:** I transmitted the foregoing document by e-mail to the party(s) identified above by using the Internet Protocol Addresses indicated. Said transmission(s) were verified as complete and without error.

**BY INTERNET/E-MAIL WITH CLERK OF THE COURT:** I certify that on ____ 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing as indicated on the attached Mailing List.

**APPENDIX PG. 6**

    I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on **January 31, 2008,** at Newport Beach, California.

                              /s/
                              Nancy Hagan

*SERVICE LIST:*
*Pacific Information Resources v Simple Communications, et. al.*
Case No. C-07-4131 MMC

**VIA U.S. MAIL**

William Travis Sullivan
4931 Mason Road
Clayton, Washington 99110

Simple Communications
4931 Mason Road
Clayton, Washington 99110

Simple Communications
701 22nd Avenue
Tuscaloosa, Alabama 35401