# EXHIBIT 1

# TO

# Request for Judicial Notice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COLUMBIA PICTURES INDUSTRIES, INC.,
DISNEY ENTERPRISES, INC., PARAMOUNT
PICTURES CORPORATION, TWENTIETH CENTURY
FOX FILM CORPORATION, UNIVERSAL CITY
STUDIOS LLLP, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP, and WARNER
BROS. ENTERTAINMENT INC.,

No. 05 Civ. 8698 (RCC)

        Plaintiffs,

**ECF CASE**

     - against -

BRANDON DRURY d/b/a
EASYDOWNLOADCENTER.COM AND
THEDOWNLOADPLACE.COM, LUKE SAMPLE d/b/a
EASYDOWNLOADCENTER.COM AND
THEDOWNLOADPLACE.COM, LSBD ENTERPRISES,
LLC d/b/a EASYDOWNLOADCENTER.COM AND
THEDOWNLOADPLACE.COM, INTERNET BILLERS,
LLC d/b/a EASYDOWNLOADCENTER.COM AND
THEDOWNLOADPLACE.COM, AIRON
CORPORATION d/b/a DOWNLOADSHIELD.COM,
ISHMAEL LOPEZ d/b/a MP3ETERNITY.COM,
and MP3 ETERNITY d/b/a MP3ETERNITY.COM,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-30-06

        Defendants.
------------------------------------------------------------X

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

    Plaintiffs and Defendant Airon Corporation d/b/a DownloadShield.com
("Airon") hereby stipulate and move that this Court should enter a Judgment and
Permanent Injunction in favor of Plaintiffs and against Airon as follows:

    1.    Airon acknowledges that it has been properly and validly served with the
Summons and Amended Complaint in this action, or has waived such
service. Airon further consents to continuing jurisdiction of the Court for

purposes of enforcement of the Judgment and Permanent Injunction, and irrevocably and fully waives and relinquishes any argument that venue or jurisdiction by this Court is improper or inconvenient.

2.    Airon shall pay damages to Plaintiffs in the amount of Three Hundred Ninety Thousand, Two Hundred Twenty-Five U.S. Dollars ($390,225.00). This amount is inclusive of all costs and interest owed by Airon to Plaintiffs.

3.    Airon and its agents, servants, employees, representatives, assigns, licensees, transferees, and all those acting in concert with Airon, at its direction or within its control, including without limitation Alexei Borisov and Levon Gasparian (collectively, "Airon"):

(a)    shall be immediately and permanently enjoined from directly, indirectly, contributorily, or vicariously infringing in any manner any copyright in any and all motion pictures, television programs or other copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (and any parents, subsidiaries or affiliates of any Plaintiff) owns or controls an exclusive right under Section 106 of the United States Copyright Act, 17 U.S.C. § 106 ("Copyrighted Works"), including but not limited to, by:

(i)    copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing any Copyrighted Work;

(ii)    enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing any person or entity ("User"), via a website, a peer-to-peer or file-trading network, or any

2

other medium, (A) to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any Copyright Work, or (B) to make any Copyrighted Work available for copying, reproduction, distribution, uploading, linking to, transmitting, or public performance; and

(b)     shall, to the fullest extent of its legal and practical ability, disable and prevent Users of any website, server, hardware, software, or any other system or service owned, controlled, operated, or distributed by Airon, presently or in the future, including without limitation the website located on the Internet at http://www.downloadshield.com ("DownloadShield.com"), from copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing any Copyrighted Work; and

(c)     shall not operate or assist in the operation of any website in any way related to DownloadShield.com or any other peer-to-peer or file-trading network or other medium that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance of any of the Copyrighted Works.

4.     This injunction shall not apply to any Copyrighted Works for which Airon has obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid.

5.     Airon shall promptly turn over to Plaintiffs copies of all data, logs and information related to DownloadShield.com that are currently in its

3

possession, custody, or control. Thereafter, Airon shall destroy all digital files representing any Copyrighted Works, as well as all data in any way related to their operation of DownloadShield.com that are currently in its possession, custody, or control. Airon shall provide Plaintiffs with a sworn statement within twenty-one (21) days after the entry of the Judgment and Permanent Injunction certifying its compliance with this provision.

6.  If Airon sells, leases, conveys, transfers, or assigns any part of the software, source code, object code, other technology, domain names, trademarks, brands, or goodwill in any way used in the operation of DownloadShield.com, it will require, as a condition of any such transaction, that the purchaser, lessee, transferee, or assignee (a) submit to the Court's jurisdiction and venue, (b) agree to be bound by the terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against Airon.

7.  Without limiting the generality of any of the foregoing, Airon shall not publicly release, distribute or give away, for consideration or otherwise, any software, source code, object code, other technology, domain names, trademarks, brands, or goodwill in any way related to, or used in connection with, DownloadShield.com, including without limitation, by posting such materials on an Internet web page or by offering such materials over any peer-to-peer or file-trading network or other medium. Nothing in this provision shall prohibit Airon from entering into a private commercial transaction to transfer such materials, provided that any such transfer complies with the provisions of paragraph 6 above.

8.  Airon irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction, and understands and agrees that violation of the

Judgment and Permanent Injunction will expose Airon to all penalties provided by law, including contempt of Court.

9.  Airon irrevocably and fully waives any and all rights to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

10. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Airon of Plaintiffs' Copyrighted Works occurring after the date Airon executes this stipulation for entry of Consent Judgment and Permanent Injunction.

11. Airon acknowledges that it has read this Consent Judgment and Permanent Injunction, has had it explained by counsel of Airon's choosing, or has had the opportunity to do so, and fully understands it and agrees to be bound thereby.

AGREED:

September 19, 2006


Paul B. Gaffney (PG 7800)
Christopher N. Manning (CM 4231)
Judith G. Becker (JB 2672)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*On Behalf of Plaintiffs Disney Enterprises, Inc.,
Columbia Pictures Industries, Inc., Paramount
Pictures Corporation, Twentieth Century Fox
Film Corporation, Universal City Studios
LLLP, Warner Bros. Entertainment Inc.,
and Metro-Goldwyn-Mayer Pictures Inc.*

Roy J. Coleman (BBO #652,243)
Kirk Teska (BBO #559,192)
Iandiorio & Teska
260 Bear Hill Road
Waltham, MA 02451-1018

Glenn A. Duhl (GD9576)
*Siegel, O'Connor, O'Donnell
& Beck, P.C.
150 Trumbull Street
Hartford, CT 06103*

*On Behalf of Defendant
Airon Corporation*

6

## JUDGMENT AND PERMANENT INJUNCTION

Having duly considered the stipulation of the Parties, and the proceedings in this Action, the Court orders that the Judgment and Permanent Injunction above shall be entered as the final judgment of this Court with respect to Defendant Airon Corporation d/b/a DownloadShield.com. There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Judgment and Permanent Injunction pursuant to Rule 54 of the Federal Rules of Civil Procedure.

SO ORDERED, this 30th day of October , 2006.

_____
Honorable Richard C. Casey
United States District Judge

# EXHIBIT 2

# TO

# Request for Judicial Notice

___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

JUN 3 0 2006

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

MICROSOFT CORPORATION, a
Washington corporation

                                   Plaintiff,

          v.

AIRON CORPORATION, a
Massachusetts corporation;

LEVON GASPARIAN, a Massachusetts
resident, individually and as part of his
marital or meretricious community;

ALEXEI BORISOV, a Massachusetts
resident, individually and as part of his
marital or meretricious community;

and

JOHN DOES 1-20.

                                   Defendant.

No. 2:06-cv-327

ORDER ENTERING PERMANENT
INJUNCTION AGAINST
DEFENDANTS AIRON
CORPORATION, GASPARIAN,
BORISOV, AND RELATED PERSONS
PURSUANT TO FED. R. CIV. P. 65(d)

06-CV-00327-ORD

          Based on the Stipulation of the parties, it is hereby ORDERED as follows:

          1.     Pursuant to Federal Rule of Civil Procedure 65(d), Airon Corporation, Levon

Gasparian, and Alexei Borisov, as well as their agents, officers, contractors, directors,

shareholders, employees, subsidiary companies or entities, affiliated or related companies and

entities, assignees, and successors-in-interest, and those in active concert or participation with

ORDER ENTERING INJUNCTION
AGAINST DEFENDANTS AIRON,
GASPARIAN, AND BORISOV - 1
Case No. 2:06-cv-327
K0001038228B1QH1RDH1RP21N4

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  them (collectively, "Airon"), are permanently enjoined from:

2       a.    engaging in any conduct that violates RCW 19.270, the Washington

3  Computer Spyware Act;

4       b.    manufacturing, producing, distributing, circulating, selling, offering for

5  sale, advertising, importing, exporting, promoting, or displaying any software or

6  software component in which Microsoft holds copyrights, without prior, express

7  written license from Microsoft that applies to the specific conduct in question;

8       c.    manufacturing, producing, distributing, circulating, selling, offering for

9  sale, advertising, importing, exporting, promoting, or displaying any product or thing

10  bearing any simulation, reproduction, counterfeit, copy or colorable imitation of a

11  Microsoft trademark, without prior, express written license from Microsoft that

12  applies to the specific conduct in question;

13       d.    using any simulation, reproduction, counterfeit, copy, or colorable

14  imitation of any Microsoft trademark in connection with the manufacture, production,

15  distribution, circulation, sale, offer for sale, advertisement, import, export, promotion,

16  or display of any software or software component, without prior, express written

17  license from Microsoft that applies to the specific conduct in question;

18       e.    violating the Terms of Use of any Microsoft computer or computer

19  network, including the Terms of Use of <microsoft.com> located at

20  <http://www.microsoft.com/info/cpyright.mspx>;

21       f.    violating the End User License Agreement of any Microsoft software

22  or software component obtained in any manner;

23       g.    assisting, directing, aiding, facilitating or conspiring with any person or

24  business entity to engage in any of the conduct described in subparagraphs (a) through

25  (f) above.

26

ORDER ENTERING INJUNCTION
AGAINST DEFENDANTS AIRON,
GASPARIAN, AND BORISOV - 2
Case No. 2:06-cv-327
K:\00100\02800\1\DHH\RICH\RP21\N4

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2.    Until three years after the date this injunction is entered, Airon shall provide a copy of this Stipulated Permanent Injunction to each employee, agent, contractor or affiliate acting on their behalf in regard to manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, importing, exporting, promoting, or displaying:

    a.    any Microsoft software or software component; or

    b.    any product or service relating to computer spyware, adware, or viruses.

3.    Defendants have not admitted liability as to any of the claims made in this litigation but have executed this stipulation and otherwise settled this matter to avoid the expense and uncertainty of litigation.

**ORDER GRANTED** this _30_ day of _June_, 2006.

The Honorable Marsha J. Pechman
UNITED STATES DISTRICT JUDGE

Presented by:

PRESTON GATES & ELLIS LLP

By    /s/ Daniel H. Royalty
  David A. Bateman, WSBA # 14262
  Theodore J. Angelis, WSBA #30300
  Daniel H. Royalty, WSBA #31504
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
E-mail: droyalty@prestongates.com
Attorneys for Plaintiff Microsoft Corporation

BADGLEY – MULLINS LAW GROUP PLLC

By
  Duncan C. Turner, WSBA # 20597
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
Phone: (206) 621-6566
E-mail: duncanturner@badgleymullins.com
Attorneys for Defendants Gasparian, Borisov and Airon Corporation

ORDER ENTERING INJUNCTION
AGAINST DEFENDANTS AIRON,
GASPARIAN, AND BORISOV - 3
Case No. 2:06-cv-327

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California in the office of a member of the Bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is: **4631 Teller Avenue, Suite 140, Newport Beach, California 92660.**

On **February 27, 2008,** I served the foregoing document described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**

on the interested parties in this action by placing □ the original ⊠ a true copy thereof enclosed in a sealed envelope addressed as follows:

*SEE ATTACHED SERVICE LIST*

**XX**    **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee at the address on the attached Mailing List.

**BY FEDEX:** I deposited such envelopes at Irvine, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

**BY FACSIMILE:** I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

**BY INTERNET/E-MAIL:** I transmitted the foregoing document by e-mail to the party(s) identified above by using the Internet Protocol Addresses indicated. Said transmission(s) were verified as complete and without error.

**BY INTERNET/E-MAIL WITH CLERK OF THE COURT:** I certify that on ____ 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing as indicated on the attached Mailing List.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1

**Request for Judicial Notice in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**
pacific information resources\pleadings\sullivan and simple communications\rjn in support of application for default judgment draft 02 27 08 at 100 pm JRN

1    Executed on **February 27, 2008** at Irvine, California.

2                          /s/
                        J. Renée Nordyke
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                    2
27    **Request for Judicial Notice in Support of Application for Default Judgment by Court**
                                    **Case No. CV-07-4131**
28    pacific information resources\pleadings\sullivan and simple communications\rjn in support of application for default judgment draft 02 27 08 at
      100 pm JRN

1

**SERVICE LIST:**
*Pacific Information Resources v Simple Communications, et. al.*
Case No. C-07-4131 MMC

2

3

**VIA U.S. MAIL**

4

5   William Travis Sullivan
    4931 Mason Road
6   Clayton, Washington 99110

7   Simple Communications
    4931 Mason Road
8   Clayton, Washington 99110

9   Simple Communications
    701 22nd Avenue
10  Tuscaloosa, Alabama 35401

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    **Request for Judicial Notice in Support of Application for Default Judgment by Court**
    **Case No. CV-07-4131**

28  pacific information resources\pleadings\sullivan and simple communications\rjn in support of application for default judgment draft 02 27 08 at 100 pm JRN