Konrad L. Trope, Esq. SBN 133214
**Novo Law Group, P.C.**
4631 Teller Avenue, Suite 140
Newport Beach, California 92660
(949) 222-0899 (tel)
(949) 222-0983 (fax)

Attorneys for Plaintiff Pacific Information Resources, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Information Resources, Inc., a California Corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>SIMPLE COMMUNICATIONS, an Alabama corporation; WILLIAM TRAVIS SULLIVAN, individually, AND DOES 1 through 100, inclusive, WHOSE IDENTITIES ARE UNKNOWN,<br><br>                Defendants. | CASE NO.  CV-07-4131  MMC<br><br>**[Before the Honorable Maxine M. Chesney, Courtroom 7]**<br><br>**DECLARATION OF KONRAD L. TROPE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>[Filed Concurrently with Plaintiff's Application for Default Judgment by Court; Memorandum of Points and Authorities, Pacific's Request for Judicial Notice, Declaration of Timothy J. Koster, Declaration of Expert Hayden Bond, Declaration of Expert Ran Hadas, Ph.D. and [Proposed] Order Lodged Concurrently Herewith]<br><br>Complaint Filed:  August 9, 2007<br>Default Entered:  October 2, 2007<br><br>Hearing Date:    April 4, 2008<br>Hearing Time:    9:00 a.m.<br>Department:      7 |

---

1
**Declaration of Konrad L. Trope in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**

pacific information resources\pleadings\sullivan and simple communications\decl of klt re application for default judgment final as filed 02 28 08

I, Konrad L. Trope, state and declare as follows:

1.  I am an individual over the age of 18 and I am an attorney licensed to practice before all courts of the State of California, as well as the United States District Court for the Central District and Northern District of California. I am the managing shareholder of Novo Law Group, PC, and I am the counsel with the main responsibility for the instant action. In that capacity, I could and would competently testify thereto regarding the facts contained herein.

2.  I make this declaration in support of Plaintiff's Application for Default Judgment by Court against Defendants Simple Communications and William Travis Sullivan ("Simple Defendants").

3.  In December, 2006 and January, 2007 I ascertained the internet service providers for the various websites that were infringing the copyrighted content of my client, Pacific Information Resources, Inc. ("Pacific") and its website www.searchsystems.net. I determined that the Simple Defendants were hosting websites with illegal and infringing content. Thus, in strict conformity with *17 U.S.C. § 572*, I wrote to the Simple Defendants on December 29, 206 requesting that they take down the infringing material. Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of my initial Digital Millennium Copyright Act "Take Down" Notice sent to Defendant William Travis Sullivan, in his capacity as the President and CEO of Defendant Simple Communications. Defendant Simple is internet service provider ("ISP") that provides web hosting services to Airon Corporation (owned and operated by Alexei Borisov and Levon Gasparian). Airon Corporation as well as Messrs. Borisov and Gasparian are defendants (the "Airon Defendants") in the core Related Action of *Pacific Information Resources v Diana Musselman, Airon Corporation, et. al.*, pending before this Honorable Court in Case No. 06-02306 MMC (the "Main Action").

4.  Under the Digital Millennium Copyright Act ("DMCA") (*17 U.S.C. §§ 512, et. seq.*), if ISP receives a "Take Down" request concerning content that it is hosting on the internet,

2
**Declaration of Konrad L. Trope in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**

pacific information resources\pleadings\sullivan and simple communications\decl of klt re application for default judgment final as filed 02 28 08

the ISP is to contact the owner of the potentially offending material and then evaluate whether or not, the material requires being withdrawn from being posted on the internet. *See 17 U.S.C. § 512(c)(3).*

5. However, under the DMCA, *when there is an action pending in Federal Court which also seeks injunctive relief, against an offending defendant*, the ISP has no discretion under the DMCA and must take down the offending material. *Id. at § 512 (c)(1).*

6. Despite repeated requests, during the period of January through May of 2007, Simple Defendants refused to comply with the mandates of the DMCA. In light of the pending action in the Main Case in which, *inter alia*, copyright infringement and injunctive relief are being sought against the Airon Defendants, the Simple Defendants have no discretion under the DMCA to reject a "Take Down" request. *See 17 U.S.C. § 512(c)(1).*

7. Despite repeated attempts to explain the mandates of the DMCA to the Simple Defendants, in particular Defendant Sullivan, my request for compliance with the DMCA went unheeded. *See Exhibits "2" and "3" attached hereto and incorporated herein.*

8. Mr. Sullivan referred me to an attorney in Alabama who never responded to any of my phone call or emails. *Id.*

9. In light of the foregoing, we had no choice but to draft and file this instant action against the Simple Defendants for their blatant violation of the DMCA, as their illegal conduct directly, as well as vicariously, contributorily, and indirectly harms Plaintiff Pacific Information Resources.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of February, 2008 at Newport Beach, California.

                                      /s/
                                Konrad L. Trope

3
**Declaration of Konrad L. Trope in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**

pacific information resources\pleadings\sullivan and simple communications\decl of klt re application for default judgment final as filed 02 28 08

# PROOF OF SERVICE

I am employed in the County of Orange, State of California in the office of a member of the Bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is: **4631 Teller Avenue, Suite 140, Newport Beach, California 92660**.

On **February 28, 2008,** I served the foregoing document described as:

**DECLARATION OF KONRAD L. TROPE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**

on the interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

*SEE ATTACHED SERVICE LIST*

**XX     BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee at the address on the attached Mailing List.

**BY FEDEX:** I deposited such envelopes at Irvine, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

**BY FACSIMILE:** I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

**BY INTERNET/E-MAIL:** I transmitted the foregoing document by e-mail to the party(s) identified above by using the Internet Protocol Addresses indicated. Said transmission(s) were verified as complete and without error.

**BY INTERNET/E-MAIL WITH CLERK OF THE COURT:** I certify that on ____ 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing as indicated on the attached Mailing List.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1

**Declaration of Konrad L. Trope in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**

pacific information resources\pleadings\sullivan and simple communications\decl of klt re application for default judgment final as filed 02 28 08

1   Executed on **February 28, 2008** at Irvine, California.

2   /s/
    J. Renée Nordyke

---

2
**Declaration of Konrad L. Trope in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**
pacific information resources\pleadings\sullivan and simple communications\decl of klt re application for default judgment final as filed 02 28 08

*SERVICE LIST:*
*Pacific Information Resources v Simple Communications, et. al.*
Case No. C-07-4131 MMC

**VIA U.S. MAIL**

William Travis Sullivan
4931 Mason Road
Clayton, Washington 99110

Simple Communications
4931 Mason Road
Clayton, Washington 99110

Simple Communications
701 22nd Avenue
Tuscaloosa, Alabama 35401

---

3
**Declaration of Konrad L. Trope in Support of Application for Default Judgment by Court**
**Case No. CV-07-4131**
pacific information resources\pleadings\sullivan and simple communications\decl of klt re application for default judgment final as filed 02 28 08