IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC., <br><br> Plaintiff, <br> v. <br><br> SIMPLE COMMUNICATIONS, et al., <br><br> Defendants | No. C-07-4131 MMC <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |

   Before the Court is plaintiff's Application for Default Judgment, filed February 28, 2008.  Having read and considered the papers filed in support of plaintiff's application,[1] the Court finds the matter suitable for decision thereon, VACATES the hearing scheduled for April 4, 2008, and rules as follows.

   In its complaint, plaintiff alleges it owns a copyright in certain text on a website plaintiff operates and in the source code associated with its website, and that it owns rights in both registered and unregistered "service marks" used in connection with its website. (See Compl. ¶ 8.)  Plaintiff also alleges that Levon Gasparian, Alexei Borisov, and Airon Corporation (collectively, "Airon") "copied" plaintiff's protected matter and have included such matter on websites owned by Airon.  (See Compl. ¶ 19, 26-27.)  Plaintiff further alleges that defendants herein, Simple Communications and William Travis Sullivan (collectively, "Simple"), have "contributed to the illegal or infringing conduct of [Airon]." (See Compl. ¶ 39.)

---

   [1]Defendants have not appeared herein, nor have defendants filed opposition.

In a separate and related action, Pacific Information Resources, Inc. v. Musselman, C-06-2306 MMC, plaintiff has alleged infringement and related claims against Airon; Airon has appeared therein, and has argued during the course of the proceedings that its websites are not infringing in nature.

In the instant application, plaintiff offers evidence that Simple "provides web hosting services to Airon." (See Trope Decl., filed February 28, 2008, ¶ 3.) Additionally, plaintiff offers declarations from two experts, one of whom opines that the websites operated by Airon are infringing in nature, (see Hadas Decl., filed February 28, 2008), and the other of whom opines that Airon has realized $19,001,250 from Airon's allegedly infringing websites. (See Bond Decl., filed February 28, 2008.) In reliance on such declarations, plaintiff argues it is entitled to an award of damages against Simple in the amount of $19,001,250, i.e., the revenue allegedly earned by Airon, as well as injunctive relief to preclude Simple from, inter alia, hosting Airon's websites. In short, the relief sought against Simple herein is wholly derivative of plaintiff's infringement claims against Airon.

Under the circumstances, the Court finds plaintiff's application to be premature. See, e.g., Harrell v. DCS Equipment Leasing Corp., 951 F. 2d 1453, 1458-59 (5th Cir. 1992) (holding, where default judgments had been entered against corporations based on corporations' being vicariously liable for actions of officer, and officer later found not liable for any wrongdoing, default judgments against corporation properly set aside).

Accordingly, plaintiff's application is hereby DENIED without prejudice to plaintiff's renoticing the instant application or filing an amended application after the liability of Airon is determined in the related action.[2]

**IT IS SO ORDERED.**

Dated: April 1, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] If the matter against Airon resolves by way of a settlement that does not purport to determine the liability of Airon, plaintiff likewise may renotice the instant application or file an amended application.