**LEWIS BRISBOIS BISGAARD & SMITH LLP**
David N. Makous, SB#82409
makous@lbbslaw.com
Thomas S. Kiddé, SB# 61717
kidde@lbbslaw.com
Josephine Brosas, SB#239342
brosas@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
Tel:    (213) 250-1800
Fax:   (213) 250-7900

Ralph A. Zappala, SB# 102052
zappala@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Tele: (415) 362-2580
Fax: (415) 434-0882

Attorneys for Plaintiff
PACIFIC INFORMATION RESOURCES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIMPLE COMMUNICATIONS, et al.,<br><br>Defendants | CASE NO.  C07-4131 MMC<br><br>[**PROPOSED**] **ORDER** GRANTING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING<br><br>~~Hearing Date: December 5, 2008~~<br>~~Time:           9:00 am~~<br>Crtm:            7 |

Upon consideration of Plaintiff Pacific's Information Resources, Inc.'s ("Pacific") Application for Default Judgement against Simple Communications and William Travis Sullivan, and the Memorandum of Law and Declarations in support thereof, it is ORDERED that Pacific's Application is GRANTED ~~with the Court finding as follows:~~ IN PART. Specifically, plaintiff's request for a permanent injunction is granted, with the Court finding as follows:

(1) Pacific owns and operates the website located at www.searchsystems.net (the **"WEBSITE"**).

(2) Pacific has registered two valid copyrights concerning the **WEBSITE.** One registration, bearing Registration N. TX 6-275-368 protects the text of the **WEBSITE**, bearing the URL www.searchsystems.net.  Plaintiff's other valid copyright registration at issue, bears Registration No. TX 6-275-367 which protects PHP Hyper Text Processor source code of the **WEBSITE**.

(3) Pacific also has a valid registration from the United States Patent and Trademark Office for its service mark consisting of the work mark "search systems" within a design or drawing bearing USPTO Trademark Registration No. 2109094 (the "**SERVICE MARK**").

(4) Pacific has continuously, for the preceding five years, at the very least, continuously and openly used variations of its registered **SERVICE MARK**, but such variations, while not registered, acquired secondary meaning and thus are fully protected under applicable federal and state law a described in Pacific's Complaint on file with the court; that Pacific's registered **SERVICE MARK** and unregistered service marks are collectively herein after referred to as the "**SERVICE MARKS**" and that the unregistered but legally valid and protected **SERVICE MARKS** of Pacific include, but are not limited to, the terms: "searchsytems," "searchsytems.net."

Consequently, the Court orders that Defendant Simple Communications, its agents, servants, employees, attorneys, successors, licensees, partners and all persons

acting in concert with each or any of them and Defendant William Tavis Sullivan, his agents, servants, employees, officers, attorneys, successors, licensees, partners and assigns, and all persons acting in concert with each or any of them, are permanently enjoined from inducing, aiding, assisting, encouraging, enabling, engaging in, causing, materially contributing to or otherwise facilitating through any means, whether in existence or later created, the unauthorized and/or unlicensed user reproduction, downloading, uploading, distribution of copies of Pacific's copyrighted works, including but not limited to any and all content, material and information contracted in, derived from or otherwise, whether now in existence or later created.  The conduct hereby enjoined includes, but is not limited to:

  a. directly, indirectly, vicariously or contributorily infringing Pacific's registered SERVICE MARKS;

  b. directly, indirectly, vicariously or contributorily infringing Pacific's unregistered SERVICE MARK which have become distinctive in the public's mind and caused the public to associate Pacific's services and Website with the SERVICE MARKS;

  c. directly, indirectly, vicariously or contributorily infringing Pacific's unregistered TRADE NAMES which have become distinctive in the public's mind and cause the public to associate Pacific's services and Website with the TRADE NAMES;

  d. directly, indirectly, vicariously or contributorily selling or marketing services in any way that tends to deceive, mislead, or confuse the public into believing that the Defendants' service is in any way sanctioned by or affiliated with Pacific's Website;

  e. directly, indirectly, vicariously or contributorily diluting the distinctive quality of Pacific's SERVICE MARKS, TRADE NAMES, TRADE DRESS and Website;

f. directly, indirectly, vicariously or contributorily otherwise competing unfairly with Pacific; and

g. directly, indirectly, vicariously, or contributorily infringing Pacific's copyrights relating to or concerning its Website and Source Code.

The Court further orders that Defendant Simple Communications, its agents, servants, employees, officers, attorneys, successors, licensees, partners and all persons acting in concert with each or any of them and Defendant William Travis Sullivan, his agents, servants, employees, officers, attorneys, successors, licensees, partners and assigns, and all persons acting in convert with each or any of them, are permanently enjoined from directly, indirectly, vicariously, or contributorily reproducing, copying, manufacturing, importing, using, promoting, selling, renting, leasing, distributing, or displaying:

(1) any part of the **WEBSITE** or any website substantially similar to the copyright protected **WEBSITE**;

(2) any part of the **SERVICE MARKS**; or

(3) from authorizing anyone to do the same, or from exercising any other of the exclusive rights of a copyright owner and service mark owner under the various federal and state statutes listed in Pacific's Complaint.

(4) selling or marketing services in any way that tend to deceive, mislead, or confuse the public into believing that any of the websites or other activities were or are in any way sanctioned by or affilliated with Pacific's **WEBSITE**;

(5) diluting the distinctive quality of Pacific's **SERVICE MARKS**; or

(6) otherwise competing unfairly with Pacific or its **WEBSITE**; or

(7) from authorizing anyone to do the same, or from exercising any other of the exclusive rights of a copyright owner and a service mark owner under the various federal and state statutes listed in Pacific's Complaint.

/ / /

1  ~~It is further ORDERED that JUDGEMENT in the amount of $_____ is~~
2  ~~ENTERED against Defendants Simple Communications, and Alabama corporation~~
3  ~~and William Travis Sullivan~~.

To the extent plaintiff requests an award of damages, the Court, for the reasons stated in the order filed concurrently herewith, defers ruling thereon until plaintiff has had an opportunity to supplement its application.

The December 5, 2008 hearing is VACATED.

**SO ORDERED**

Dated: November 26, 2008

*Maxine M. Chesney*
Honorable MAXINE M. CHESNEY
United States District Judge

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4849-9832-5763.1                    -5-
[PROPOSED] ORDER FOR DEFAULT JUDGMENT BY COURT